KLEES, Judge.
The State of Louisiana appeals the district court’s granting of companion motions for summary judgment filed by Nat Kiefer, Jr. and Raoul Sere. We affirm.
Kiefer and Sere each served a tenure as the Custodian of Notarial Records for the Parish of Orleans, Sere from 1980 through 1984, and Kiefer from 1984 until March of 1988. In June of 1988, shortly after Kiefer’s *711 term ended, the Louisiana legislature passed a resolution requesting that the state attorney general determine whether reasonable grounds existed for civil actions to recover certain monies previous Custodians of Notarial Records had paid themselves as salaries. In response to the passage of this resolution, Kiefer filed in civil district court on June 15, 1988, a petition seeking to have the amount (approximately $550,000.00) that he paid himself during his tenure as custodian be declared legal and authorized. The named defendants in Kiefer’s suit were the state of Louisiana, the state’s legislative auditor, and John J. Hainkel, III, who was then serving as Custodian of Notarial Records for Orleans parish. These defendants filed an answer denying the petition and a reeonventional demand seeking to recover $423,291.54 of the total amount Kiefer paid himself during his term in office. The monies sought were alleged to have been wrongfully taken by Kiefer. The plaintiffs-in-reconvention also alleged that Kiefer had failed to execute the duties of his office to “keep and preserve” the documents under his custody and control as mandated by La.R.S. 35:323(A).
On April 19, 1989, the state of Louisiana and then custodian John J. Hainkel, III filed in civil district court a separate petition to recover $157,550.00 which was allegedly wrongfully taken in salary by Raoul Sere during his tenure. The Kiefer litigation and the Sere litigation were consolidated by judgment issued June 29, 1989. Kiefer and Sere each filed a motion for summary judgment asking that the district court declare that the salaries taken by them were legal and authorized under La.R.S. 35:323(C), 35:327 and 35:337. These motions were argued on September 17, 1992, and on November 30, 1992, the district court rendered judgment granting the motions and dismissing the reconven-tional demand against Kiefer and the suit against Sere. From this judgment, the state of Louisiana has appealed. After reviewing the facts and the law, we find no error in the district court’s rendering of summary judgment.
The applicable statutes are as follows. First, R.S. 35:323(C), which was in effect during Sere’s tenure, provided:
(C)(1)(a) The custodian of notarial records shall charge the sum of three dollars for each act, contract, or other instrument thus filed and deposited in his office.
This statute was amended in 1984, during Kiefer’s tenure in office, to raise the sum to be charged to five dollars, and a new subsection (l)(b) was added, which reads as follows:
(C)(1)(b) The difference between the fees charged by the custodian of notarial records under the provision of this Subsection and the fees charged under the provisions of this Subsection prior to its amendment by the 1984 Regular Session of the Legislature shall be used exclusively for purchasing microfilm equipment and replacements of copying machines, paying for the cost of book repairs, and/or payment of salary increases for employees and the payment of salaries of additional employees hired for microfilming operation and book repair. The additional filing fees established under this Subsection as amended by the 1984 Regular Session of the Legislature shall be used for additional compensation of employees, excluding the custodian of notarial records, and other expenses of the office. The increase in the filing fees shall not be used by the custodian for additional compensation for his salary-
The other two applicable statutes, as they read during Kiefer’s and Sere’s terms in office, are as follows:
R.S. 35:327. Fee payable to custodian by notaries
Each notary shall pay an annual fee of fifteen dollars, on or before September 1st of each year, to the custodian, the said fees to be used by the custodian for additional compensation and expenses of his office. R.S. 35:337. Fees and salary of custodian
The custodian may charge and receive the same fees of office as are allowed by law to other notaries for the making of copies, and also a salary of eighteen hundred dollars per annum, and a further sum of seven thousand two hundred dollars per annum for binding of the notarial records and for all other necessities and additional help that may be required for the maintenance of said office; these sums to be paid *712 by the city of New Orleans, monthly; the commission council of New Orleans is hereby directed to budget and provide for the payment of same. Provided that, in the discretion of the city council, the salary to be paid the custodian by the city of New Orleans, as herein provided, may be increased to four thousand dollars.
In 1988, after Kiefer left office, the legislature amended R.S. 35:337 to provide for a cap of $35,000 per annum on the total compensation of the custodian, with any remaining fees to be used solely to operate and maintain the functions of the office of notarial records. Prior to this amendment, there were no such restrictions on the use of the fees.
Together, the above mentioned statutes describe four possible sources of the custodian’s total compensation: (1) his $1,800.00 annual salary, paid by the city of New Orleans; (2) the copying fees; (3) the notarial fees paid annually by all notaries; and (4) the filing fees (exclusive of the additional two dollars tacked on in 1984). In our view, the language of these statutes prior to the 1988 amendment clearly allowed the custodian to determine in his discretion what amount of the collected fees was to be put toward his personal compensation. In addition to the clear language, the record shows that the legislature history indicates and the longstanding custom has been that these fees are personal to the custodian and were meant to be a part of his overall compensation.
On appeal, the State contends, as it did at the trial court level, that Kiefer and Sere violated the law by taking excessive amounts of compensation while at the same time failing to properly execute the duties of their offices. The state’s actioh for recovery of the monies is based upon La.R.S. 42:1461, which provides, in pertinent part:
§ 1461. Public property; personal obligations of officials, employees, and custodians; actions; prescription.
A. Officials, whether elected or appointed and whether compensated or not, and employees of any “public entity”, which, for purposes of this Section shall mean and include any department, division, office, board, agency, commission, or other organizational unit of any of the three branches of states government or of any parish, municipality, school board or district, court of limited jurisdiction, or other political subdivision or district, or the office of any sheriff, district attorney, coroner, or clerk of court, by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
C. The breach of an obligation established under this Section gives rise to an action in favor of the public entity for the recovery of any such funds, property, or other things of value and for any other damages resulting from the breach. This action is prescribed by ten years, reckoning from the date on which the breach occurred.
We conclude, as did the trial judge, that the state’s reliance on this statute is misplaced. R.S. 42:1461 provides a remedy against a public official for his illegal and unauthorized taking, by misappropriation or theft, of public funds. It does not apply to the instant situation because the statutory law, in this ease, clearly authorized the custodians to keep their fees as compensation. Nevertheless, the state argues strenuously that the summary judgments were improper because its allegations raise a disputed issue of fact as to whether Sere and Kiefer properly performed the duties of their office. Specifically, the state has alleged that Sere and Kiefer failed to preserve five thousand nineteenth century water color plat plans of the French Quarter, failed to continue a rebinding and book repair project begun prior to their terms, and failed to microfilm any of the older documents, microfilming instead only those documents filed during their terms. The state contends that the former custodians presented no evidence to refute these allegations.
We disagree. In addition to their own affidavits, Kiefer and Sere submitted as evi *713 dence of their performance the legislative auditor’s reports for their years in office. These reports show that they adequately performed the duties of custodian as are generally described in R.S. 35:323. We reject the state’s contention that Kiefer and Sere failed in these duties simply because they did not undertake the specific aforementioned projects. For instance, during Kiefer’s term, he collected a total of $1,888,554.45 in revenues from fees and interest on fees. More than $582,000 of this total was in copying fees. As we stated previously, the language of R.S. 35:337 clearly indicates that the copying fees “and also” his salary are a part of the custodian’s compensation. Therefore, the amount taken by Kiefer in compensation, which was less than the total copying fees he collected, was an amount to which he was clearly entitled under the statute. It is presumably because of this wide discretion given the custodian in the statute that the legislature changed R.S. 35:337 in 1988 to provide for an annual cap on the custodian’s total compensation. Nevertheless, under the law as it existed at the time, Kiefer’s and Sere’s actions in withdrawing the funds as additional personal compensation did not violate the law.
Lastly, we address Mr. Kiefer’s peremptory exception filed in this court in which he contends that the state has no right to appeal separately from the present Custodian of Notarial Records, who was a party to the suit below, but has not joined in the appeal. This argument is based upon the opinion of the state attorney general that the right to bring an R.S. 42:1461 action lies solely in the “public entity,” which in this case is the office of the custodian of Notarial Records, not the state. Relying upon this opinion, Mr. Kiefer filed in June 1992 an ex parte motion to dismiss without prejudice his suit against Governor Roemer, Attorney General William Guste, and the legislative auditor J.H. Burris. The motion was granted, but these parties remained in the lawsuit as plaintiffs-in-reconvention. In September of 1992, the newly elected Louisiana Attorney General Richard Ieyoub and newly appointed Custodian Stephen Bruno filed an ex parte motion to be substituted as defendants and plaintiffs-in-reconvention. The judgment of the trial court not only granted Mr. Kiefer’s motion for summary judgment, but also dismissed the state’s reconventional demand. Therefore, we conclude that, because the state has a judgment entered against it, it has a right to appeal that judgment regardless of whether it would have had a right to sue independently, an issue we do not reach.
We also reject the contention of Mr. Kiefer that the state has acted in bad faith or has brought a frivolous appeal, and we therefore decline to award costs or attorney’s fees under Code of Civil Procedure article 2164. Finally, we reject Mr. Sere’s assertion that he is entitled to attorney’s fees under R.S. 42:261(E), concerning suits against public officials. That statute does not apply because Mr. Sere was no longer a public officer at the time this suit was filed.
Accordingly, for the reasons given, we affirm the judgments of the trial court.

AFFIRMED.