# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1033 C/W 05-1034

**CITY COURT OF OAKDALE**

**VERSUS**

**CITY OF OAKDALE AND**
**HONORABLE BOBBY ABRUSLEY**

**CONSOLIDATED WITH**

**CITY COURT OF OAKDALE, THROUGH ITS DULY**
**AUTHORIZED REPRESENTATIVE,**
**MAYOR BOBBY ABRUSLEY**

**VERSUS**

**THE CITY OF OAKDALE;**
**HONORABLE PERRELL FUSELIER, JUDGE,**
**CITY COURT OF OAKDALE; AND DELORA**
**LOVEJOY, CLERK, CITY COURT OF OAKDALE**

************

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, NO. C-2005-059 C/W C-2005-088,
HONORABLE FRED SEXTON, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, J. David Painter and James T. Genovese, Judges.

**AFFIRMED.**

Maxwell G. Kees
Charles L. Patin, Jr.
Kean, Miller, Hawthorn, D'Armond, McCowan & Jarman, L.L.P.
Post Office Box 3513
Baton Rouge, LA 70821

**(225) 387-0999**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **City of Oakdale**

**J. Michael Veron**
**Bice, Palermo & Veron**
**Post Office Box 2125**
**Lake Charles, LA  70602-2125**
**(337) 310-1600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Perrell Fuselier, Judge**
    **Delora Lovejoy, Clerk**

PETERS, J.

The City of Oakdale, Louisiana, appeals a trial court judgment granting a peremptory exception of no cause of action and dismissing Perrell Fuselier and Delora Lovejoy as party defendants in this litigation. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The appeal before us arises from two consolidated cases involving a dispute between the City of Oakdale (City) and the City Court of Oakdale (City Court) over the operation and funding of the City Court. Perrell Fuselier is the elected judge of the City Court, Delora Lovejoy is its clerk, and Bobby Abrusley is the City's elected mayor. The City Court filed the first suit on February 3, 2005, naming the City and Mayor Abrusley as defendants. In that suit, the City Court sought, among other relief, a declaratory judgment to the effect that the defendants were required to pay its operating expenses and a writ of mandamus directing the defendants to pay the expenses when submitted. On February 14, 2005, the City filed its own suit naming as defendants the City Court, Judge Fuselier (in his capacity as city judge), and Ms. Lovejoy (in her capacity as clerk of court). In its suit, the City sought, among other relief, a declaratory judgment to the effect that the defendants should remit all collected fines and forfeitures to the city treasury and a judgment against the defendants for all those fines and forfeitures not so deposited since 1996. The trial court consolidated the two suits.

Although there are many other issues to be resolved in this litigation, the appeal now before us arises from the City's February 22, 2005 amendment to its pleadings wherein it named Judge Fuselier and Ms. Lovejoy as individual defendants. In its amended pleading, the City sought the same relief from Judge Fuselier and Ms.

Lovejoy in their individual capacities as it had sought from them in their official capacities.

In response to this assertion of personal liability, Judge Fuselier and Ms. Lovejoy filed a peremptory exception of no cause of action, and the trial court addressed this exception as well as numerous others by written reasons filed June 13, 2005. With regard to this particular exception, the trial court stated:

> The basis of the City's contention for personal liability is LSA-R.S. 42:1461. The exception filed by the individual defendants points out that no allegations were made in this suit that funds were used by either of them for personal benefit, which they argue is what this statute seeks to prevent.
> This Court agrees with the Clerk and the Judge, as well as the Fourth Circuit in *Keifer* [sic] *v. Hainkle* [sic], 627 So.2d 710 (4th Circuit 1993). *Keifer* [sic] holds that the purpose of R.S. 42:1461 is to provide a remedy against public officials for misappropriation or theft of public funds, i.e. for conversion for personal use.
> The Exception of No Cause of Action filed by the Clerk and the Judge, attacking the personal demands against them is **SUSTAINED** and these demands are **DISMISSED.**

On June 20, 2005, the trial court executed a judgment conforming to its written reasons for judgment, and the City has appealed. In appealing, the City asserts in its sole assignment of error that the trial court erred in sustaining the exception of no cause of action and in dismissing Judge Fuselier and Ms. Lovejoy as individual defendants.

**OPINION**

The City based its request for relief against the City Court and its officials on La.R.S. 13:1898(A), which provides that fines, forfeitures, and penalties collected in a city court "shall be paid into the city treasury when the prosecution is on behalf of the city." With regard to the personal liability of Judge Fuselier and Ms. Lovejoy for

2

the fines, forfeitures, and penalties not deposited pursuant the statute, the City relies

on the provisions of La.R.S. 42:1461, which provides in pertinent part:

> A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entity", which, for purposes of this Section shall mean and include any . . . court of limited jurisdiction . . . by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
> . . . .
> C. The breach of an obligation established under this Section gives rise to an action in favor of the public entity for the recovery of any such funds, property, or other things of value and for any other damages resulting from the breach. This action is prescribed by ten years, reckoning from the date on which the breach occurred.

On appeal, the City does not suggest that the trial court erred in concluding that

it made no allegations in its suit that the fines, forfeitures, and penalties not paid into

the city treasury were used for the personal benefit of either Judge Fuselier or Ms.

Lovejoy. Instead, it contends that the trial court's reliance on *Kiefer v. Hainkel*, 627

So.2d 710 (La.App. 4 Cir. 1993), is misplaced.

In *Kiefer*, a dispute arose over the payment of personal compensation to

persons formerly holding the position of custodian of notarial records for the Parish

of Orleans. The fourth circuit concluded that the former officials were entitled to the

compensation at issue and that the State of Louisiana could not maintain a suit against

them under La.R.S. 42:1461 because it "provides a remedy against a public official

for his illegal and unauthorized taking, by misappropriation or theft, of public funds."

*Id*. at 712. Further, in that particular case, the statute did not apply "because the

statutory law . . . clearly authorized the custodians to keep their fees as

compensation." *Id.*

3

In its brief on appeal, the City argues that the holding in *Kiefer* "draws a distinction by the use of the disjunctive 'or' as between 'misappropriation,' on the one hand, and 'theft' resulting from a conversion, on the other hand" and that La.R.S. 42:1461 draws the same distinction. While we do note that *Kiefer* is factually distinguishable from the matter now before us, we need not attempt to reconcile that decision, because the language of the statute is clear.

In urging its interpretation of La.R.S. 42:1461(A), the City ignores the full language of the statute. While the disjunctive "or" is used in the statute, it is modified by the language that follows. Specifically, an official "assume[s] a personal obligation not to misappropriate, misapply, convert, misuse, or *otherwise wrongfully take* any funds, property, or other thing of value belonging to" the public entity. La.R.S. 42:1461(A) (emphasis added). In other words, the official's action requires an end result wherein the public entity is deprived of the funds, property, or other thing of value. This is not the case in the matter now before us. We conclude that the legislature intended no personal liability absent wrongful misuse of public funds where the misuse inures to the benefit of the public official. *See State v. Mayor & Bd. of Aldermen of Tallulah*, 549 So.2d 891 (La.App. 2 Cir. 1989), *writ denied*, 556 So.2d 39 (La.1990). In the matter before us, it is undisputed that all of the funds at issue were used exclusively to pay the City Court's operating expenses. Thus, we find no merit in the City's assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment dismissing the claims of the City of Oakdale against Perrell Fuselier and Delora Lovejoy in their

4

individual capacities. We assess costs of this appeal in the amount of $542.50, pursuant to La.R.S. 13:5112, to the City of Oakdale.

**AFFIRMED.**