64 So.2d 212

### CERAMI v. HAAS.

No. 38854.

March 23, 1953.

Thomas E. Furlow, New Orleans and S. Allen Bordelon, Marksville, for plaintiff-appellant.

C. E. Laborde, Jr., Marksville, for defendant-appellee.

McCALEB, Justice.

This is the third time this case has been brought to this court. It arises out of a written offer under which Cerami agreed to execute a deed in favor of Haas, for a ¼ royalty interest affecting a tract of land owned by him in Avoyelles Parish on the basis of $30 per acre. After Haas had recorded the agreement, Cerami brought an action in jactitation to have the instrument canceled from the public records. He lost his suit, Cerami v. Haas, 195 La. 1048, 197 So. 752, the court holding that the offer, which had been accepted by Haas, evidenced a binding executory contract and

that Cerami's only right of action was to sue for a specific performance.

Upon the finality of this judgment, Haas tendered to Cerami the stipulated price, amounting to $600. When the latter refused to accept the money, Haas deposited it in the registry of the court and brought suit to compel a specific performance. Cerami defended on the ground that the contract was invalid and also contended that it should be annulled for lesion beyond moiety under Articles 1860, 1861 and 2464 of the LSA–Civil Code. He was again unsuccessful, the court upholding the validity of the contract and ordering specific performance thereof. See Haas v. Cerami, 201 La. 612, 10 So.2d 61.

In the instant suit, Cerami seeks to have the contract decreed null for the same reasons which he has attempted to present in a different manner. However, the lower court dismissed the case on a plea of res adjudicata and an exception of no right or cause of action.

It is clear to us that the defensive pleadings are well founded. Indeed, a mere statement of the previous litigation suffices to demonstrate that the suit is but a reiteration of the identical claims which have been heretofore adjudicated. The thing demanded is the same; it is founded on the same cause of action; it is between the same parties and formed by them against each other in the same quality. Article 2286 of the LSA–Civil Code.

The judgment is affirmed.