*542 ON REMAND FROM THE SUPREME COURT
PER CURIAM.
In an earlier decision reported at 422 So.2d 509 (La.App. 4th Cir.1982), we affirmed a judgment assessing attorney’s fees against petitioner, Lynn Dean, under the mandate of LSA-R.S. 42:261(E), which provides:
Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits,, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause. (Emphasis the court’s.)
Appellant Dean did not raise the constitutionality of this provision in his brief or petition for rehearing. However, the issue was raised when he applied for review to the Louisiana Supreme Court which occurred after judgment was rendered in Detraz v. Fontana, 416 So.2d 1291 (La.1982). The matter was remanded to reconsider our prior, holding in light of Detraz, 429 So.2d 139.
In Detraz, the court held that LSA-R.S. 42:261(E) violates the “equal protection” clauses of the state and federal constitutions by arbitrarily creating two classes of defendants, public officials and private citizens. While public official defendants are entitled to demand that a bond for attorney’s fees be posted at the inception of suit, and may recover attorney’s fees from unsuccessful plaintiffs, private citizen defendants are not afforded these privileges and must pay their own attorney’s fees. The court found “no reasonable justification for such disparate treatment” and declared the provision unconstitutional. Detraz also held the statute in question deprives prospective litigants of due process and open access to the courts. Although the opinion in Detraz focused on the portion of LSA-R.S. 42:261(E) relating to bonds for attorney’s fees, the rationale and holding are specifically made applicable to the entire provision. The court explicitly declared at 416 So.2d 1297: “R.S. 42:261(E) is declared unconstitutional.”
Our prior decision was grounded solely on the authority of LSA-R.S. 42:261(E) and there is no other basis for the imposition of attorney’s fees. Therefore, our earlier judgment herein is hereby reversed and set aside and judgment is rendered in favor of Lynn B. Dean denying appellees’ claim for attorney’s fees.
REVERSED AND RENDERED.