IzKUHN, Judge.
This is an appeal of a trial court’s denial of an award of attorney’s fees. We affirm.
*993 ISSUE
The sole issue raised on this appeal is whether defendant, Richard Stalder, in his official capacity as Secretary of the Department of Public Safety and Corrections (“DPSC”), is entitled to recover attorney’s fees under the provisions of La. R.S. 42:261(E).
BACKGROUND
Plaintiff, Ivan Molinario, filed a petition for judicial review pursuant to the Corrections Administrative Remedy Procedure (“ARP”) set forth in La. R.S. 15:1177. In his petition, Molinario named as defendants, “[DPSC], Richard Stalder, Secretary; and One ... Unknown Name Dental Hygienest (sic).” The gist of Molinario’s complaint was that upon his transfer to Hunt Correctional Center (“Hunt”) from his former place of incarceration, a dental hygienist at Hunt terminated his dentist-ordered, soft-meal diet and, as a result, he was unable to eat for approximately four days. In filing suit, Molinario duly complied with the ARP’s three-step response process. Upon judicial review, his petition was dismissed with prejudice at Mol-inario’s costs. That judgment, signed October 27, 1995, was not appealed. Defendants subsequently moved to fix attorney’s fees, urging that they were entitled to such fees under the provisions of La. R.S. 42:261(E). The trial court, incorporating the recommendation of the commissioner, denied the requests. A judgment dismissing defendants’ motion was signed on June 10, 1996. Defendants have appealed that dismissal, contending that the trial court’s determination is erroneous.
ANALYSIS
La. R.S. 42:261(E) provides in relevant part:
Any party who files suit against any duly elected or appointed public official of this state of or ... any of its agencies or political subdivisions for any matter arising out of the performance of .the duties of his office ... and who is unsuccessful in his demands, shall be liable to said public official for all attorney’s fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorney’s fees shall be fixed by the court. (Footnote omitted.)
| ;jThe following elements of La. R.S. 42:261(E) are not in contention: (1) Molinario filed suit and therein named DPSC, Richard Stalder and an unknown dental hygienist as defendants; (2) insofar as Molinario’s claims against Stalder, the suit was for a matter arising out of the performance of the duties of the office of Secretary of DPSC; and (3) Molinario was unsuccessful in his demands against the defendants.
On appeal, defendants suggest both the unknown dental hygienist and DPSC Secretary Stalder are public officials entitled to attorney’s fees under La. R.S. 42:261(E), and that the trial court erred in its interpretation of the phrase “shall be hable to said public official for all attorney’s fees incurred by said public official in defense of said suit.”

Public Official

La. R.S. 42:1 provides that a “[p]ublie officer is any person holding a public office in this state.” Section 1 further states:
As used in this title, the term “public office” means any state, district, parish or ■municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
If the individual acts as an agent of the state and exercises a portion of the sovereign power or if his office enjoys a large degree of independence in which he is not under the direct control and supervision of an employer, then he is a public official or officer. See State v. Haltom, 462 So.2d 662, 666 (La.App. 1st Cir.1984). Nothing establishes that the unknown dental hygienist was anything other than an employee of a state agency. Based on the evidence in this record, we conclude that the unknown dental hygienist named as a defendant in Molinario’s suit is not a public official under La. R.S. 42:261(E), and therefore is not entitled to attorney’s fees for, the defense of Molinario’s suit. We find no error in the trial court’s determination insofar as it denies the unknown dental hygienist’s request for attorney’s fees.
*994 We turn our attention now to Richard Stalder’s demand for attorney’s fees. La. R.S. 36:403 provides:
LThere shall be a secretary of public safety and corrections, who shall be appointed by the governor with consent of the Senate and who shall serve at the pleasure of the governor at a salary fixed by the governor, which salary shall not exceed the amount approved for such position by the legislature while in session. The secretary shall serve as the executive head and chief administrative officer of [DPSC] and shall have the responsibility for the policies of the department except as otherwise provided by this Title, and for the administration, control, and operation of the functions, programs, and affairs of the department; however, the secretary shall perform his functions under the general control and supervision of the governor.
Based on this delineation of the powers of the office of secretary of DPSC, we conclude Richard Stalder, secretary of DPSC, is a “public official” for purposes of determining the applicability of La. R.S. 42:261(E).
The recommendation of the commissioner, which was affirmed by the trial court, concluded that Molinario was not liable to Stalder for attorney’s fees. In denying the award, the trial court’s written reasons stated:
[A]ny prisoner who has a complaint, of any nature, tortious or otherwise, must proceed through the [ARP]. The same [ARP] per-mitís] a prisoner to seek review by the 19th Judicial District Court. The Legislature has established the prisoner’s right to seek his remedy to any sort of complaint and initially avoid lawsuits; at the same time, the Legislature has permitted the inmate to seek judicial review of the ad- ' ministrative action. By statutes and jurisprudence, the Attorney General is required by law to defend these officials in any matter in which damages may be sought. [La.] R.S. 13:5108.1, 5108.2.[2] As a consequence, however unartful a prisoner’s ^original complaint is stated, and how unartfully the prisoner seeks appeal to the 19th Judicial District Court, if any mention of damages is made, the Attorney General is required by law to prepare the defense, which, at the judicial review level, is confined to the record.
It is my opinion that inmate suits have been funneled into the direction of an administrative procedure, which procedure does not really terminate until the judicial *995 appeal is heard. In reality the overwhelming majority of lawsuits of this nature are directed against the real party in interest, which is [DPSC], rather than individuals. Prisoners may unartfully include individual claimants; and, with the exception of genuine 42 U.S.C. § 1983 actions, the individual official is not expected to respond. Consequently, it is my opinion that the phrase, “... shall be liable to said public official for all attorney fees incurred by said public official in the defense of said lawsuit or lawsuits_” applies in a restrictive sense and restricted-types of suits. It is my recommendation in this instant case that attorneys’ fees not be awarded against Mr. Molinario. Mr. Molinario never identified any dental hygienist; and, while he complained of deliberate indifference to his circumstances, his suit clearly sought damages against [DOC] for negligent or willful mistreatment. As such, the Attorney Generals’ appearances were primarily designed to defend the State against damages. Unfortunately for Secretary Stalder, he is the defendant of choice in almost every case, although rarely a genuine defendant. (Footnote added.) We note initially that the motion to set the
attorney’s fees was filed on behalf of “the defendants, Louisiana Department of Public Safety & Corrections.” The only evidence submitted in this matter relative to attorney’s fees is an affidavit from an assistant attorney general stating that she is attorney of record for “the defendants,” and that she “has billed a total of 5.0 hours in connection with the litigation of this case.”
The Attorney General was legally required to provide a defense for DPSC. La. R.S. 49:257(A).[3] In accordance with La. R.S. 13:5108.2(0, the Attorney General assumed control of the defense of Secretary Stalder. Based on our examination of this record, the Attorney General’s defense of Stalder was coextensive with the Attorney 1 eGeneral’s defense of the DPSC. There is no evidence to establish that Stalder actually “incurred” any attorney’s fees. The record indicates that in defending Stalder, the assistant attorney general’s legal representation did not entailed any representation different from, or in addition to, her legal representation of DPSC. Absent evidence establishing that Stalder actually “incurred” attorney’s fees, we find no error in the trial court’s interpretation under the facts of this ease..
CONCLUSION
For the reasons herein expressed, the trial court’s judgment denying defendants’ motion to fix attorney’s fees is affirmed. Costs of this appeal, in .the amount of $359.57, are assessed against defendants. .
AFFIRMED.

. We note that La. R.S. 13:5108.1(A) declares, in relevant part, that the public policy of this state is that:
[T]he state shall hold harmless and indemnify all officers and employees of the state from any financial loss which ... shall mean and include court costs, judicial interest, and monetary damages, arising out of any claim, demand, suit, or judgment in federal court brought pursuant to the provisions of Section 1981 through 1983 of Title 42 of the United States Code ... provided the officer or employee at the time the damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the intentional wrongful act or gross negligence of such officer or employee.
Section 5108.1 (B) states in pertinent part:
Within five days of the time the officer or employee is served with any summons, complaint, process, notice, demand, or pleading, he shall deliver the original or a copy thereof to the attorney general. Upon such delivery, the attorney general shall assume control of the defense of such officer or employee, unless it shall appear that the officer or employee was acting outside the scope of employment.
In similar manner, La. R.S. 13:5108.2(B) declares, in pertinent part, that the public policy of this state is that:
[T]he state shall hold harmless and indemnify each official, officer, and employee of the state from financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest, and monetary damages, arising out' of any claim, demand, suit, or judgment in any court by reason of alleged negligence or other act by the official, officer, or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office, employment, contract, or assignment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer, dr employee.
La. R.S. 13:5108.2(C) provides in relevant part:
Within five days after an official, officer, or employee is served with any summons, complaint, process, notice, demand, or pleading, he shall deliver the original or a copy thereof to the attorney general.... Upon such delivery the attorney general ... shall assume control of the defense of the official, officer or employee....

. See La. R.S. 49:257(A) providing that the attorney general shall represent the state and all departments and agencies of state government in all litigation involving tort or contract.