718 So.2d 1044 (1998)
CITY OF RUSTON, Plaintiff-Appellee,
v.
Hilda Taylor PERRITT, Individually, and in her official capacity as Mayor of the City of Ruston, Defendant-Appellant.
No. 30896-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*1046 Davidson, Nix & Jones by John S. Hodge, Shreveport, for Defendant-Appellant.
Snellings, Breard, Sartor, Inabnett & Trascher, L.L.P. by Charles C. Trascher, III, Monroe, for Plaintiff-Appellee City of Ruston.
Joseph S. Cage, Jr., Shreveport, for Plaintiff-Appellee Oscar P. Barnes, III.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The defendant, Hilda Taylor Perritt, Mayor of the City of Ruston, appeals from a trial court judgment denying her petition for attorney fees and costs following the dismissal of a rule for contempt filed against her by the City of Ruston. The City of Ruston, and the city attorney, Oscar Barnes, III, also appeal, seeking damages for a frivolous appeal. For the following reasons, we affirm the trial court judgment and reject the demands of the City of Ruston and Mr. Barnes for frivolous appeal damages.

FACTS
This matter arises from a dispute between Mayor Perritt and the Board of Aldermen of the City of Ruston concerning the passage of several new city ordinances. Among these was Ordinance Number 1235 which required the mayor to nominate candidates for department head positions to the board of aldermen for approval. The ordinance required that this be done within a certain time period or the board would take over the appointment. This and several other ordinances were vetoed by the mayor on the ground that it usurped her powers. The veto was overridden by the aldermen and the ordinances went into effect. The mayor filed a suit for a preliminary injunction to prohibit the aldermen from utilizing and enforcing the new ordinances. The aldermen filed a writ of mandamus against the mayor seeking to require her compliance with the ordinances. The matters were consolidated. A judgment was rendered September 27, 1996, upholding the ordinances, but deleting those portions of the ordinances specifying that the aldermen would perform the mayor's duty if she failed to act timely. The trial court also ordered the mayor to submit a nominee for Utilities Director to the board of aldermen within thirty days of September 27,1996.
On October 25, 1996, the mayor submitted a nominee to the aldermen for consideration, but the nomination was withdrawn soon thereafter when it was discovered that the candidate was not a registered engineer, a job requirement included in advertisements for the position. In January, another prospective applicant was named but withdrew his application.
On February 6, 1997, the City of Ruston, through the board of aldermen, directed the city attorney, Oscar Barnes, III, to file a rule for contempt against the mayor on the grounds that more than thirty days had passed since the trial court judgment of September 27, 1996, and still no nomination had been made for the position of Utilities Director.
Ordinarily, the city attorney is required to defend all lawsuits filed against the mayor in her official capacity. La. R.S. 33:386(C).[1] However, in this case, because the city attorney was representing the City of Ruston through the board of aldermen in an action against the mayor, Ms. Perritt enlisted special counsel on her behalf to defend against the rule for contempt.
Approximately one month after the filing of the rule for contempt, the attorney hired by Mayor Perritt sent a letter to the board of aldermen and Mr. Barnes, noting that, in order to prevail on that action, the plaintiffs *1047 had to show that Mayor Perritt willfully disregarded the court's order to timely nominate a head for the Utilities Department. The letter cited excerpts from meetings where board members recognized that the mayor's failure to timely appoint a department head, in compliance with the court order, was not a willful violation. The letter asserted therefore, that the rule for contempt was baseless. The letter further stated:
Mr. Barnes, by your own words as noted above you have admitted that you have no evidence to support the assertions that the Mayor should be held in contempt. Accordingly, we demand that you voluntarily withdraw your pleadings by noon on Friday, March 7, 1997. Failure to do so will result in us filing a motion for sanctions pursuant to La. C.C.P. art. 863 against you personally as well as against the Board members in their individual capacities.
Shortly before the noon deadline, the City of Ruston complied with the mayor's demand and dismissed the rule for contempt.
On March 19, 1997, Mayor Perritt filed the present motion for attorney fees and costs, seeking to recover from the City of Ruston her expenses for defending against the rule for contempt. She argued that she was entitled to fees and costs under La. R.S. 42:261(E), a statute providing that any party who files suit against any duly elected or appointed public official of this state for any matter arising out of the performance of the duties of his office and who is unsuccessful in his demands shall be liable to the public official for all attorney fees incurred in defense of the lawsuit. Further, even though the contempt proceeding was dismissed, as requested by Ms. Perritt, she also sought to recover against the city attorney and the board of aldermen personally under La. C.C.P. art. 863, a provision allowing sanctions for the filing of pleadings not well grounded in law or fact. The total amount of attorney fees and costs claimed by Mayor Perritt is $24,184.68.
A hearing on the attorney fee issue was held on March 27, 1997. The court questioned whether, when someone is facing a matter with only a $100.00 fine, it is reasonable to spend more than $20,000.00 to defend the case. The mayor argued that if found guilty of contempt, she could have been jailed. If she had been jailed, she could have been removed as mayor. She claims this was the aim of the board in filing the contempt rule. The mayor contended that under these facts, she was required to aggressively defend against the rule for contempt.
The trial court rejected the mayor's claim for attorney fees and costs, finding that under La. R.S. 42:261(E), the contempt matter did not arise out of the performance of Ms. Perritt's duties as mayor. The court stated that, even if fees were to be allowed, the court doubted that the legal bill incurred was necessary in defense of this matter.
The trial court also rejected the mayor's claim for fees under La. C.C.P. art. 863 because, "I have not been shown enough to indicate that sanctions and fees would apply." The court further noted that, pursuant to and in compliance with defense counsel's demand letter threatening to seek sanctions under La. C.C.P. art. 863, the aldermen dismissed the contempt proceeding.
The mayor appealed the trial court judgment. The City of Ruston and Oscar Barnes, III, the City Attorney, answered, claiming the appeal was frivolous and seeking damages.

ENTITLEMENT TO ATTORNEY FEES UNDER LA. R.S. 42:261(E)
The defendant argues that the trial court erred in finding that she was not entitled to attorney fees under La. R.S. 42:261(E) because the contempt rule did not arise out of the performance of her public duties.[2] Mayor Perritt asserts that the contempt *1048 rule arose out of the mandamus order, and was necessarily connected with the performance of her public duties. The plaintiffs argue on appeal that La. R.S. 42:261(E) is not applicable here because the statute was found unconstitutional in Detraz v. Fontana, 416 So.2d 1291 (La.1982) and in In re Dean, 429 So.2d 541 (La.App. 4th Cir.1983). We find the plaintiffs' argument has merit.
La. R.S. 42:261(E) provides:
Any party who files suit against any duly elected or appointed public official of this state [or of] any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.
This provision was called into question by the Louisiana Supreme Court in Detraz v. Fontana, supra. In that case, our supreme court found that the requirement that bond for attorney fees be furnished before proceeding to trial is unconstitutional and is violative of the equal protection clauses of the state and federal constitutions. The court also found that the provision denied litigants due process and open access to state courts. In finding that the provision violates equal protection, the court reasoned that it divides tortfeasors into two classes, governmental tortfeasors and private tortfeasors and creates two classes of victims, victims of governmental tortfeasors and victims of private tortfeasors. Only victims of governmental tortfeasors must suffer the additional burden of a bond for attorney fees. The court found that no reasonable justification for this disparate treatment has been supplied.
In finding that the statute also violated due process, the court cited a concurring opinion by Justice Tate in Williams v. London, 370 So.2d 518 (La.1979) stating that, in his opinion, La. R.S. 42:261(E) is invalid because a requirement that a citizen furnish a bond and be liable for attorney's fees when he sues a public official, whereas an official suing a citizen need not file bond or be liable for attorney's fees, is unconstitutional. Upon this reasoning, the Louisiana Supreme Court in Detraz found that La. R.S. 42:261(E) denies litigants due process and open access to Louisiana courts. The court then held, "For these reasons, that portion of the judgment of the Court of Appeal upholding the constitutionality of R.S. 42:261 E is reversed, and R.S. 42:261 E is declared unconstitutional; the demand of [the] third party defendant... for bond for attorney's fees is rejected, at the cost of the third party defendant."
The court's decision is clear that it found unconstitutional the provision in the second paragraph of La. R.S. 42:261(E) requiring a litigant to furnish bond for attorney fees prior to trial of a suit against a public official. Mayor Perritt argues that it is not clear whether the court also intended that the provision that an unsuccessful litigant be liable for attorney fees in a suit against a public official is also unconstitutional. She argues that the attorney fee provision remains viable. We reject her argument.
In Detraz, the court stated that "R.S. 42:261(E) is declared unconstitutional." The statement was not limited to the second paragraph dealing with furnishing a bond for attorney fees. Also, the reasoning of Justice Tate, relied upon by the court, stated that the attorney fee provision was also unconstitutional. Further, the case of In re Dean, 429 So.2d 541 (La.App. 4th Cir.1983), indicates that the attorney fee provision was *1049 abrogated by Detraz. In its original opinion in In re Dean, the fourth circuit awarded attorney fees under La. R.S. 42:261(E) to school board members who successfully defended against a petition to perpetuate testimony filed against them by another school board member, Mr. Dean. See In re Dean, 422 So.2d 509 (La.App. 4th Cir.1982). Mr. Dean then filed a writ application with the Louisiana Supreme Court arguing that the recently rendered decision in Detraz v. Fontana, supra, held that La. R.S. 42:261(E) was unconstitutional and therefore the court of appeal erred in awarding attorney fees under that provision. The Louisiana Supreme Court granted the writ application and remanded the matter to the fourth circuit to "reconsider in light of Detraz v. Fontana," supra. See In re Dean, 429 So.2d 139 (La. 1983). On remand the fourth circuit reasoned that:
Although the opinion in Detraz focused on the portion of LSA-R.S. 42:261(E) relating to bonds for attorney's fees, the rationale and holding are specifically made applicable to the entire provision. The court explicitly declared at 416 So.2d 1297: "R.S. 42:261(E) is declared unconstitutional."
Finding that the prior ruling was based entirely upon La. R.S. 42:261(E), the judgment awarding attorney fees in favor of Mr. Dean was reversed and set aside.
Following the fourth circuit's decision on remand in In re Dean, supra, the issue of whether La. R.S. 42:261(E) was declared unconstitutional in its entirety has not been raised. We note that some cases have addressed claims for attorney fees under La. R.S. 42:261(E) without any discussion of whether the entire provision was stricken down by the decision in Detraz. However, we have uncovered no cases in which attorney fees were actually awarded under this provision after Detraz.
In Molinaro v. Department of Public Safety and Corrections, 962026 (La.App. 1st Cir. 9/23/97), 700 So.2d 992, an inmate of the Department of Public Safety and Corrections filed a petition for review under the Administrative Remedy Procedure of La. R.S. 15:1177, claiming mistreatment. The petition was eventually dismissed with prejudice. The Secretary of the Department of Public Safety and Corrections then sought to recover attorney fees under La. R.S. 42:261(E). The request was denied and the Secretary appealed. Without consideration of whether the attorney fee provision of the statute was still valid, the appellate court affirmed the trial court denial of the Secretary's claim, finding that he did not establish that any attorney fees had, in fact, been incurred.
In Kiefer v. Hainkel, 627 So.2d 710 (La. App. 4th Cir.1993), the court denied a claim for attorney fees under La. R.S. 42:261(E), finding that the claimant was no longer a public official at the time suit was filed against him. Again, the award of attorney fees was denied on other grounds and there was no discussion of whether the attorney fee provision of La. R.S. 42:261(E) was still viable.
Based upon the supreme court's reasoning in Detraz and the subsequent fourth circuit decision in In re Dean, we are persuaded that when the Louisiana Supreme Court declared that La. R.S. 42:261(E) unconstitutional, its ruling applied to paragraph E in its entirety. If the court had intended to exclude the attorney fee provision from its holding, it would have specifically so stated. Therefore, we find that Mayor Perritt may not recover attorney fees under this provision.[3]

*1050 ENTITLEMENT TO ATTORNEY FEES UNDER LA. C.C.P. ART. 863
Mayor Perritt contends that the trial court erred in failing to award her attorney fees and costs against the city attorney and the aldermen personally under La. C.C.P. art. 863, which grants the court authority to impose sanctions on parties who file pleadings not well grounded in fact or law. We find that the mayor's argument is without merit.
La. C.C.P. art. 863 provides:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
The trial court has discretion to impose sanctions under La. C.C.P. art. 863. Unkel v. Unkel, 29,728 (La.App. 2d Cir.8/20/97), 699 So.2d 472. A trial court's determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. Harris v. Gaylord Bag Company., 26,335 (La.App. 2d Cir.12/7/94), 647 So.2d 542, writ denied 95-0051 (La.3/17/95), 651 So.2d 268; Hessick v. Petro Publications, Inc., 96 0034 (La.App. 1st Cir. 11/9/96), 684 So.2d 466, writ denied 97-0332 (La.3/21/97), 691 So.2d 89.
In order to impose sanctions under this provision, a trial court must first find that one of the affirmative duties imposed by La. C.C.P. art. 863(B) has been violated: the attorney must certify that he has read the pleading; that to the best of the attorney's knowledge, information and belief formed after reasonable inquiry, the pleading is well-grounded in fact; that the pleading is warranted by existing law or good faith argument for the extension, modification, or reversal of the existing law; and that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Joyner v. Wear, 27,631 (La. App. 2d Cir.12/6/95), 665 So.2d 634, writs denied, 96-0040 and 96-0042 (La.2/28/96), 668 So.2d 370; Morehouse Parish Hospital Service District v. Pettit, 25,396 (La. App.1/19/94), 630 So.2d 1338, writ denied, 94-0449 (La.4/7/94), 635 So.2d 1135.
This article is intended only for exceptional circumstances. Sanctions should not be imposed on a lawyer simply because the trial court finds a particular argument or ground of relief to be unjustifiable or without *1051 merit. Where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Walker v. Stegall, 25,423 (La.App. 2d Cir.1/19/94), 631 So.2d 89.
The mayor argues that the city filed a frivolous rule for contempt against her which, on its face, showed there were no grounds to hold her in contempt. According to the mayor, excerpts from meetings with the board of aldermen show that the October 25, 1996 nomination of an unqualified individual was a mistake and was not a willful violation of the trial court's order to nominate a candidate for head of the Utilities Department before October 27, 1996. The mayor argues that the rule for contempt was instituted solely for an improper purpose, to penalize her and to cause her to incur attorney fees or at worst, an attempt to have her put in jail and removed from office.
The city argues that the mayor is not entitled to sanctions under La. C.C.P. art. 863 because the city's rule for contempt was not unfounded. The plaintiffs assert that the mayor willfully violated the mandamus order and intentionally conducted herself so as to complicate the nominating process and to delay compliance with the trial court's mandate. Therefore, the plaintiffs contend that the application of sanctions is not proper under the evidence presented.
The trial court found that the mayor had not made a sufficient showing that sanctions were warranted. We do not find that the trial court erred in that ruling. Even though the initial nomination of a candidate for head of the Utilities Department was of an unqualified individual, several months passed and the nomination of a qualified, serious candidate still had not been submitted to the board of aldermen. Under these circumstances, we do not find that the city was entirely without justification for the assertion of a legal right. Therefore, we do not find that the city's filing of the rule for contempt was undertaken for an improper purpose, warranting the imposition of sanctions.
Further, we find that, even if the imposition of sanctions was warranted under La. C.C.P. art. 863, as a result of her demand letter and the city's detrimental reliance thereon, the mayor is precluded from claiming sanctions. As discussed above, the mayor's counsel sent a letter to Mr. Barnes and the board of aldermen on March 5, 1997, demanding that the rule for contempt be dismissed by March 7, 1997 or the mayor would pursue sanctions against Mr. Barnes and the aldermen personally. In compliance with the letter, the city promptly dismissed the contempt rule. The city contends that the clear implication of the letter was that if the contempt proceeding was dismissed, then a claim for sanctions would not be pursued. We think that the city's interpretation of the letter was reasonable. La. C.C. art.1967 provides in pertinent part:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.
In this case, the mayor knew or should have known that the letter might induce the city to drop the contempt rule in exchange for the mayor not seeking sanctions personally against the city attorney and the aldermen under La. C.C.P. art. 863. Therefore, we affirm that portion of the trial court judgment finding that the mayor forfeited her right to pursue sanctions in exchange for the dismissal of the rule for contempt.

FRIVOLOUS APPEAL
The City of Ruston and Oscar Barnes, III, Ruston City Attorney, in his individual capacity, answered the mayor's appeal, claiming the appeal is frivolous and seeking damages under La. C.C.P. art. 2164. The plaintiffs argue that, because La. R.S. 42:261(E) was previously found to be unconstitutional and because the mayor waived her claim under La. C.C.P. art. 863, no substantial legal question is presented by this appeal. Therefore, they seek to recover costs for responding to this frivolous appeal. This argument is without merit.
Appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeals. Guy v. Madison Parish School Board, 579 So.2d 1108 (La.App. 2d Cir. 1991). An appeal will only *1052 be deemed frivolous if it does not present a substantial legal question or if it is obvious either that it was taken solely for the purpose of delay or that the appealing counsel does not seriously believe in the position he advocates. Harris v. Gaylord Bag Co., supra; Guy v. Madison Parish School Board, supra. La. C.C.P. art. 2164 is penal in nature and must be strictly construed. Joyner v. Wear, supra. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. Joyner v. Wear, supra.
In this case, we cannot say that the appellant did not genuinely advocate the merits of the appeal. Therefore, we do not find that the appeal is frivolous.

CONCLUSION
For the reasons stated above, the judgment of the trial court in favor of the City of Ruston and Oscar Barnes, III, rejecting the claims of the defendant, Hilda Taylor Perritt, individually and in her official capacity as mayor of the City of Ruston, for attorney fees and costs, is affirmed.
We also reject the claims of the plaintiffs, City of Ruston and Oscar Barnes III, for damages for the filing of a frivolous appeal by the defendant, Hilda Taylor Perritt. Costs in this court and in the court below are assessed one half to the plaintiffs and one half to the defendant.
AFFIRMED.
NOTES
[1] The issue of the mayor's entitlement to representation by the city attorney is not before us and consequently, we make no ruling in that regard.
[2] In examining whether Mayor Perrit would be entitled to attorney fees in this case under any theory, we note that La. R.S. 13:5108.2 provides that the state will indemnify officials, officers and employees of the state from any financial loss arising out of claims, demands, suits and judgments by reason of alleged negligence or other act of the official, officer, or employee if that person was acting in the discharge of his duties and within the scope of his employment, contract, or assignment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer, or employee. However, officers or employees of political subdivisions are specifically excluded from this provision. Numerous opinions by the Louisiana Attorney General have specified that there is no statutory authority for political subdivisions to indemnify its officers or employees, but the subdivision may do so if it chooses. See La. Atty. Gen. Op. Nos. 97-248; 96-398; 96-210; 90-3; 85-822.
[3] Although not presented in the trial court and not dispositive of this case, it is interesting to note that in Cogswell v. Town of Logansport, 321 So.2d 769 (La.App. 2d Cir. 1975), writ denied 323 So.2d 479 (La. 1975), a pre-Detraz case, the defendant town unsuccessfully sought a writ of mandamus against the chief of police to require him to perform certain duties of his office. After the mandamus was denied, the chief of police sought to recover attorney fees under La. R.S. 42:261(E). On original hearing, this court denied the claim, reasoning that the provision only intended to provide protection in suits brought by parties claiming injury growing out of the performance of a public official and if there had been no performance but only a suit to compel performance, such as a mandamus suit, there was no coverage under the statute. However, on rehearing, because the parties stipulated that the controversy arose out of the performance of the public duties of the chief of police, attorney fees were allowed.