h NORRIS, Chief Judge.
Mercury Aircraft Holding (Mercury) appeals a judgment sustaining an exception of res judicata and dismissing its suit to rescind a sale. Elite Holdings, Inc. (Elite) answers the appeal requesting damages for a frivolous appeal. We affirm the district court’s ruling sustaining Elite’s exception of res judicata and deny Elite’s request for damages.

Facts

Elite acquired from Riverwood International an assignment of a lease of an aircraft hangar located on property owned by the City of Monroe. Mercury’s president and Elite’s president executed a counter letter acknowledging that Mercury and Elite were co-owners in the lease, and included a provision which granted Elite *470 an option to purchase Mercury’s interest in the hanger lease for $15,000. In March 1997, Elite attempted to exercise the option. Mercury refused to honor the option and filed suit for a declaratory judgment in an attempt to have the provision declared null and void. Mercury Aircraft Holdings Inc. v. Elite Holdings, Inc., William E. Earl, David White, DDM, and City of Monroe, 97-2403 (4th Judicial DC, Parish of Ouachita, 7/30/98). Elite filed a recon-ventional demand seeking to have the provision declared valid and enforceable and requesting specific performance. Elite obtained a summary judgment declaring the provisions valid and ordering specific performance. Mercury served a motion for appeal to Elite’s counsel, but never filed the motion. Mercury complied with the judgment by executing the sale to Elite. The delays for appeal elapsed.
Mercury has filed the instant suit claiming that the sale of the lease should be rescinded for lesion beyond moiety. Elite filed an exception of res judicata, which the trial court granted.[1] Mercury has appealed the trial court’s ruling, \2arguing that it could not have asserted lesion until after the sale based on the concept of prematurity, that the sale had not taken place at the time of the judgment. Elite has answered the appeal, requesting damages for frivolous appeal.

Law and Analysis

La. R.S. 13:4231 provides:
[A] valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
After a final judgment, res judi-cata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. La. R.S. 13:4231; La. C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077; Leon v. Moore, 98 1792 (La.App. 1st Cir.4/1/99), 731 So.2d 502, writ denied 99-1294 (La.7/2/99), 747 So.2d 20. This promotes judicial efficiency and final resolution of disputes. Id. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. La. R.S. 13:4231; Jackson v. Iberia Parish Government, 98-1810 (La.4/16/99), 732 So.2d 517. Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment. Avenue Plaza, L.L.C. v. Falgoust, supra.
The doctrine of lesion may be pled as a defense to a suit for specific performance. Lakeside Dairies, Inc. v. Gregersen, 217 La. 510, 46 So.2d 752 (1950), appeal after remand 221 La. 503, 59 So.2d 701 (1952); Farris v. Interstate Enterprises, Inc., 270 So.2d 230 (La.App. 1st Cir.1972), writ denied 272 So.2d 380 (1973). Additionally, lesion can be raised as a defense against an option to purchase once there is an attempt to exercise it. Farris v. Interstate Enterprises, Inc., supra.
Elite obtained a judgment declaring the option in the counter letter valid and enforceable and ordering a sale. Mercury did not appeal that judgment, instead *471 choosing to collaterally challenge it. By not being challenged, the judgment became final and acquired the authority of a thing adjudged. Mercury, not raising the issue of lesion in the first adjudication though it had the opportunity, cannot now raise it collaterally because the final judgment is conclusive and cannot be changed. La. R.S. 13:4231; Avenue Plaza, L.L.C. v. Falgoust, supra; Leon v. Moore, supra; Cerami v. Haas, 64 So.2d 212, 222 La. 899 (1953). In sum, the district court’s ruling sustaining Elite’s exception of res judicata was correct.

Frivolous Appeal

An appellate court may award damages for a frivolous appeal. La.C.C.P. art. 2164. Appeals are favored and the appellate courts are reluctant to impose damages for frivolous appeals. Harris v. Gaylord Bag Co., 26,335 (La.App.2d Cir.12/7/94), 647 So.2d 542, writ denied 95-0051 (La.3/17/95), 651 So.2d 268; Fudge v. Levine, 26,279 (La.App.2d Cir.12/7/94), 647 So.2d 405; City of Ruston v. Perritt, 30,896 (La.App.2d Cir.9/23/98), 718 So.2d 1044. Article 2164 is penal in nature and is to be strictly construed. Harris v. Gaylord Bag Co., supra; City of Ruston v. Perritt, supra. An appeal- will not be deemed frivolous unless it appears that it was taken solely for delay, serious legal questions are. not raised, or counsel does not seriously believe in the position of law he advocates. Harris v. Gaylord Bag Co., supra; Fudge v. Levine, supra; City of Ruston v. Perritt, supra.
Counsel contends that lesion can not be raised until after the sale, comparing it to a malicious prosecution suit which can not be brought until after the original suit is complete. See Harrah’s Club v. Mijalis, 557 So.2d 1142 (La. App. 2d Cir.), writ denied 559 So.2d 1387 (1990). This is an inaccurate analogy; however, it is one which raises doubt as to whether this appeal was taken due to a sincere belief in the legal position advocated or for the sole purpose of delay. Though this appeal has no merit, it does appear on both the record and during oral arguments that counsel sincerely believed in the position of law he advocated. Harris v. Gaylord Bag Co., supra; Fudge v. Levine, supra; City of Ruston v. Perritt, supra. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. City of Ruston v. Perritt, supra. As such, Elite’s request for frivolous damages is denied.

Conclusion

For reasons expressed, we affirm the district court’s ruling sustaining Elite’s exception of res judicata. Additionally, we deny Elite’s request for damages for frivolous appeal. Costs are assessed to Mercury.
AFFIRMED.

. Elite also filed an exception for no cause of action, arguing that lesion may not be used to avoid the sale of a lease and that lesion is not available to rescind a court ordered sale. Finding this suit is barred by res judicata, we pretermit any discussion on Elite’s exception of no cause of action.