845 So.2d 645 (2003)
LAFOURCHE PARISH COUNCIL
v.
Gerald "Buzz" BREAUX, as President of the Parish of Lafourche.
No. 2002 CA 1565.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*646 W. Shelby McKenzie, Lloyd J. Lunceford, Phillip E. Foco, Baton Rouge, Counsel for Plaintiff/Appellant Lafourche Parish Council.
Leslie J. Clement, Thibodaux, Counsel for Defendant/Appellee Gerald "Buzz" Breaux, as President of the Parish of Lafourche.
Before: FOIL, McCLENDON AND KLINE,[1] J.J.
McCLENDON, J.
The Lafourche Parish Council (the Council) appeals the trial court judgment ordering it to pay to the attorney for the Lafourche Parish President (the Parish *647 President), $2,400.00 in attorney fees. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
On May 4, 2001, Gerald "Buzz" Breaux, as President of the Parish of Lafourche, filed a petition for declaratory judgment and injunctive relief against the Lafourche Parish Council asserting that the Council has circumvented the provisions of the Lafourche Parish Home Rule Charter (the Charter) by improperly and illegally utilizing resolutions and/or motions, where ordinances would have been required.[2] A temporary restraining order was issued. The Parish President additionally asked that a preliminary and then permanent injunction issue enjoining and prohibiting the Council and members of the Council from interfering in administrative functions which are the responsibility of the President of Lafourche Parish.
The Council filed an answer and reconventional demand and the matter was heard on October 31, 2001.
Judgment was signed on December 11, 2001. The Parish President and the Council each filed a motion for new trial. The motions were heard and, by agreement of the parties, limited to reargument only. On March 18, 2002, the trial court rendered and signed its judgment. The general topics of the issues reviewed by the trial court were: contracts, parish agencies, ordinance procedure, cooperative endeavors, roads and streets, compensation, and legal representation. The Council appealed from this March 18, 2002 judgment, seeking review of only that portion of the trial court's judgment pertaining to contracts. The Parish President answered the appeal asserting error in the trial court's judgment regarding legal representation. Said appeal, which is also before this Court, is suit number 2002 CA 1422.
Apparently, a dispute arose sometime around February 2002 between the Parish President and the Council as to the Parish President's authority and power to award contracts for road construction without the approval of the Council. On May 19, 2002, the Council filed an ex parte petition for injunctive relief, requesting that the Parish President be enjoined from unilaterally awarding contracts for road construction without Council approval.[3]
A preliminary injunction hearing was held on March 22, 2002, at which time the trial court denied the Council's request for injunctive relief and further ordered the Council to pay the attorney fees of counsel for the Parish President, in the amount of $2,400.00. Judgment to this effect was signed on April 27, 2002.
The Council appeals, asserting that the trial court erred in ordering the Council to pay the attorney fees incurred by the Parish President as 1) there is no statutory or contractual authority for the trial court's order; and 2) the order was rendered without proper notice and hearing as is required by Louisiana Code of Civil Procedure Article 863.

DISCUSSION
Under Louisiana law, it is well settled that attorney fees are not allowed except where authorized by statute or contract. Brier Lake, Inc. v. Jones, 97-2413, p. 16 (La.4/14/98), 710 So.2d 1054, 1061; Quealy *648 v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 763 (La.1985).
In its appeal, the Council asserts that the only possible basis for an award of attorney fees is LSA-C.C.P. art. 863.[4] However, because the trial court specifically stated it was not imposing sanctions, the Council asserts this cannot be the basis of such an award. The Council alternatively asserts that if the award of attorney fees in this matter is a sanction, it nevertheless is improper as there was no notice or hearing prior to their imposition.
Article 863 authorizes the imposition of sanctions based only on the signing and certification of pleadings. This article authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. The penalties provided for in article 863 shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. LSA-C.C.P. art. 863(E).
LSA-C.C.P. art. 863 is not to be used simply because parties disagree as to the correct resolution of a matter in litigation. Advocating new or novel legal theories does not trigger a sanction award under article 863. Article 863 seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law. Penton v. Clarkson, 93-0657, p. 11 (La.App. 1 Cir. 3/11/94), 633 So.2d 918, 924-925.[5] The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. DuBois v. Brown, XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 864, 866; Joyner v. Wear, 27,631, p. 14 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, 642, writs denied, 96-0040, 96-0042 (La.2/28/96), 668 So.2d 370.
A trial court's factual determination that LSA-C.C.P. art. 863 was, or was not, violated is reviewed on appeal pursuant to the "manifest error" or "clearly wrong" standard. Maxie v. McCormick, 95-1105, p. 5 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 565.
*649 In the present matter, the trial court, in its oral reasons for judgment, stated:
The Court orders that this proceeding be dismissed. That the Council will pay costs of these proceedings and attorneys fees for having to defend this proceeding. I believe that that certainly is allowed. I make no and really don't want to comment on any request for sanctions or anything like that. That is not before the Court. There was nothing filed for that. I don't think it rises to that level. I think we are still in the process of trying to understand our roles in this government under the charter. But that issue may come up if these types of actions are taken on a consistent basis.
Considering that the trial court specifically stated that the issue of sanctions was not before the court, we find article 863 inapplicable here. Therefore, remand for a hearing, as suggested by the Parish President, would serve no purpose.
The Parish President asserts, however, that statutory authority might be found in LSA-R.S. 42:261 E, even though "the constitutionality of this statute may be in doubt."[6]
The supreme court in Detraz v. Fontana, 416 So.2d 1291 (La.1982), reversed the appellate court upholding the constitutionality of the statute specifically stating, that LSA-R.S. 42:261 E "is declared unconstitutional." In Detraz, the supreme court found that the requirement that bond for attorney fees be furnished before proceeding to trial is unconstitutional and violative of the equal protection clauses of the state and federal constitutions. The court also found that the provision denied litigants to due process and open access to state courts. See City of Ruston v. Perritt, 30,896, p. 5 (La.App. 2 Cir. 9/23/98), 718 So.2d 1044, 1048.
The Parish President argues that while it is clear that the court in Detraz found unconstitutional the provision in the second paragraph of LSA-R.S. 42:261 E requiring a litigant to furnish bond for attorney fees prior to trial of a suit against a public official, it is not clear whether the court also intended that the provision that an unsuccessful litigant be liable for attorney fees in a suit against a public official is also unconstitutional. In other words, the Parish President asserts that the attorney fee provision might be viable. We reject that argument and agree with the court in the City of Ruston case, wherein it was stated:
In Detraz, the court stated that "R.S. 42:261(E) is declared unconstitutional." The statement was not limited to the second paragraph dealing with furnishing a bond for attorney fees. Also, the reasoning of Justice Tate, relied upon by the court, stated that the attorney fee provision was also unconstitutional.
City of Ruston v. Perritt, 30,896 at p. 6, 718 So.2d at 1048.
*650 Consequently, attorney fees are not appropriate under this statute. Finding no statutory or contractual basis for the award of attorney fees in this matter, we find that the trial court was clearly wrong in making the award.

CONCLUSION
For the foregoing reasons, the judgment of April 27, 2002, ordering the Lafourche Parish Council to pay to the attorney for the Lafourche Parish President an attorney fee in the amount of $2,400.00, is reversed. Costs of this appeal are to be borne by the Parish President.
REVERSED AND RENDERED.
NOTES
[1] Hon. William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] This is the matter entitled "Gerald `Buzz' Breaux, as President of the Parish of Lafourche v. Lafourche Parish Council," 17th Judicial District Court, Parish of Lafourche, Suit number 91,285 "A".
[3] This matter, the one from which the present appeal is taken, is "Lafourche Parish Council v. Gerald `Buzz' Breaux," suit number 93,404 "A" of the 17th Judicial District Court.
[4] LSA-C.C.P. art. 863 provides in pertinent part as follows:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
[5] Penton was legislatively superseded on another issue.
[6] LSA-R.S. 42:261 E provides:

E. (1) Any party who files suit against any duly elected or appointed public official of this state or of any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court. (2) The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.