WALTER J. ROTHSCHILD, Judge, Ad Hoc.
2This is an appeal from a trial court judgment denying defendant’s motion for sanctions. For the reasons stated herein, we convert the appeal to an application for supervisory writs and affirm the trial court’s judgment.

*179
Facts and Procedural History

Armelise Planting Company filed the original petition for damages on May 31, 2000 naming 65 defendants. The petition alleges generally that the defendants conducted, directed and participated in various oil and gas exploration and productions activities which have caused toxic waste-related property damage on or near plaintiffs property. The petition was amended several times to supplement and add to the list of defendants. The Third Amending Petition, filed on September 26, 2003, added another plaintiff and an additional 36 defendants, including appellant, Builders Center Real Estate Co., LLC (hereinafter “Builders Center.”) In this amending petition, plaintiffs renewed and reiterated all of the allegations and the prayer of the original petition and the first and second supplemental and amending petitions.
3On January 12, 2004, Builders Center responded to this petition with an Exception of Vagueness on the basis that the petition failed to make a specific allegation against Builders Center and did not allege any wrongful conduct on the part of this defendant. Builders Center argues that it has never operated a well located on or near plaintiffs’ property, nor has it conducted, directed or participated in oil and gas activities as alleged by plaintiffs in the original petition against other defendants.
On March 2, 2004, on motion of plaintiffs, Builders Center was dismissed with prejudice from these proceedings. Thereafter, Builders Center moved for the imposition of sanctions against plaintiffs’ attorneys for violating the duty to perform reasonable inquiry into the facts and information upon which the petition was based. This matter was heard by the trial court on September 29, 2004. By judgment signed on January 27, 2005, the motion for sanctions was denied. On February 14, 2005, Builders Center moved for devolu-tive appeal from this judgment, and the trial court granted the order of appeal on February 16, 2005.

Law and Discussion

At the outset we note that the denial of a motion for sanctions is a judgment that does not determine the merits of the case. Therefore, it is an interlocutory judgment.[1] LSA-C.C.P. art. 1841. The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. See, LSA-C.C.P. arts. 2087 and 2201. However, we have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writs. See, State, Dept. of Social Services v. Howard, 03-2865 (La.App. 1 Cir. 12/30/04), 898 So.2d 443; CITGO 4Petroleum Corp. v. State ex rel. Dept. of Revenue and Taxation, 02-0999 (La.App. 1 Cir. 4/2/03), 845 So.2d 558, 563, writ denied, 03-1243 (La.6/27/03), 847 So.2d 1274; City of Baton Rouge/Parish of Baton Rouge v. Johnca Properties, L.L.C., 99-2230 (La.App. 1 Cir. 6/23/00), 764 So.2d 1221, 1223-24; Trahan v. Prudential Property & Casualty Ins. Co., 97-2470 (La.App. 1 Cir. 5/14/99), 739 So.2d 811, 813.
In the present case, the motion for appeal was filed within the 30 day period applicable to supervisory writs contained Uniform Rule 4-3 and thus an application for supervisory writs would have been timely. In the interest of judicial economy, we exercise our discretion and convert *180 this appeal to an application for supervisory writs.
In its brief filed in this court, Builders Center contends that plaintiffs’ counsel failed to conduct a reasonable inquiry into the facts upon which the third amending petition was based and that the allegations of this petition were not well grounded in fact. Builders Center contends that it was damaged by incurring attorneys’ fees and costs to defend a claim against it that plaintiffs’ attorneys should have known had no connection to the facts of the present case, and it is therefore entitled to a judgment imposing sanctions.
In support of its motion for sanctions, Builders Center relies on the provisions of La. C.C.P. art. 863, which authorizes the imposition of sanctions based only on the signing and certification of pleadings.[2] This 5article authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. The penalties provided for in article 863 shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. LSA-C.C.P. art. 863(E). Lafourche Parish Council v. Breaux, 02-1565 (La.App. 1 Cir. 5/9/03), 845 So.2d 645, 648.
In order to impose sanctions, a trial court must first find that one of the affirmative duties imposed by article 863(B) has been violated. LSA-C.C.P. art. 863(D). The first part of the certification is that an attorney has read the pleading. The second part is that to the best of the attorney’s knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact. Thirdly, the attorney must certify that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fourth, and lastly, the attorney certifies that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Sanchez v. Liberty Lloyds, 95-956 (La.App. 1 Cir. 4/4/96), 672 So.2d 268, 272.
 6A. trial court’s factual determination that LSA-C.C.P. art. 863 was, or was not, violated is reviewed on appeal pursuant to the “manifest error” or “clearly wrong” standard. Maxie v. McCormick, 95-1105 (La.App. 1 Cir. 2/23/96), 669 So.2d *181 562, 565; Lafourche Parish Council v. Breaux, 02-1565 (La.App. 1 Cir. 5/9/03), 845 So.2d 645, 648.
The record in this case shows that after the third amending petition naming Builders Center as defendant was filed in September of 2003, counsel for defendant contacted plaintiffs’ attorney, but was unable to obtain clarification or substantive information as to why Builders Center had been brought into the suit. Counsel for Builders Center then attended an exception hearing in January of 2004, and subsequently filed its exception of vagueness. In February of 2004, plaintiffs’ counsel sent counsel for Builders Center information which showed that a company by the name of Plymouth, Inc. was designated as operator of the oil wells in controversy in 1998. Further, plaintiffs’ counsel presented information from the Louisiana Secretary of State’s website that Plymouth, Inc was merged into Builders Center in 1975. It was subsequently determined that although the two corporations share the same name, the corporation which merged with Builders Center in 1975 ceased to exist upon the merger and was not the same entity as the entity which operated the oil wells in 1998. After receiving this information, plaintiffs moved to dismiss Builders Center from this litigation on March 4, 2004.
Defendant contends that if plaintiffs’ counsel had done further inquiry into this matter by further researching records in the Louisiana Secretary of State’s office, plaintiffs’ counsel would have discovered that Builders Center was not a proper defendant in this case. However, the trial court found that this was complex litigation involving many defendants where the property 7records indicated that ownership of the oil fields in question changed hands many times. The trial court found that although plaintiffs’ counsel made a mistake by naming Builders Center as a defendant, counsel used reasonable care in inquiring into the facts of this case, and he took action to dismiss Builders Center from the suit once he was informed of the mistake.
In this case, the record below contains sufficient evidence to support the trial court’s decision. Based on the record before us, we fail to find that the judgment was clearly wrong or manifestly erroneous. Accordingly, we grant the writ and affirm the trial court’s judgment denying defendant’s motion for sanctions.

WRIT GRANTED; JUDGMENT AFFIRMED.

. A judgment that imposes sanctions pursuant to LSA-C.C.P. art. 863 is a final judgment for purposes of appeal. See LSA-C.C.P. art. 1915(A)(6).

. Art. 863. Signing of pleadings, effect
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.