GOTHARD, Judge.
This appeal is from a judgment of contempt. The underlying case is a partition of property owned in indivisión by three siblings.
The partition proceeding, filed by Clifton Lirette, Sr. in February, 1987, concerned a tract of land in St. Charles Parish inherited in 1980 by the plaintiff, Elma Lirette Griffin, Etta Lirette Lochbaum, and another sister whose share was purchased by the plaintiff. The three co-owners occupied separate houses on the land.
On March 4, 1987 Elma and Etta petitioned for an injunction, alleging that Clifton and/or his sons, Clifton, Jr. and Dale, had placed a concrete barrier across the common driveway on a plot of land adjoining the Lirette tract and known as the “Tinney” property. The sisters were deprived of their only access to their residences from Old Highway 90. A writ of preliminary injunction issued on March 13, 1987, enjoining Dale Lirette from denying the sisters access and blocking the driveway. The appellant did remove the concrete block barricade.
On May 16, 1988, the co-owners entered into a consent agreement partitioning the property. The land was subdivided so that two lots and a house went to Clifton and one lot and house each to Elma and Etta. Clifton’s son, Dale Lirette, at some point installed a house trailer on the adjoining “Tinney” land.
On September 2, 1988, Etta and Elma filed a rule for contempt, alleging that Dale Lirette had erected a fence in the driveway in violation of the preliminary injunction. On May 30, 1989, after a hearing on the matter, the court found Dale Lirette to be in contempt and ordered him within ten days to remove and relocate the portion of the fence that was in violation of the preliminary injunction; upon failing to comply he would be fined $100 per day and/or one day in jail for each day that he failed to comply with the Court’s order; he was also cast for $250 in attorney’s fees plus costs. Lirette took a suspensive appeal.
This court is asked to consider: 1) whether the appellant had actually blocked the appellees’ access to Highway 90; 2) whether he wilfully disobeyed a court order; and 3) whether the court erred in holding him in contempt of a preliminary injunction that was not made permanent in the final judgment.
Contempt of court is defined in La.C.C.P. art. 221 as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” Article 224(2) enumerates as a constructive contempt of court “wilful disobedience of any lawful judgment, order, mandate, writ, or process of the' court.” For a judgment of contempt, the court must find that such an act or failure to act was done intentionally, knowingly, and purposely, without justification. Nelson v. Nelson, 421 So.2d 366 (La.App. 1st Cir.1982). The burden of proof is on the complaining party; however, the trial court is vested with much discretion in determining whether a party should be held in contempt for disobeying the court’s orders. Klein v. Copeland, 482 So.2d 613 (La.1986).

Obstruction of Access and Wilful Violation of a Court-Order

Dale Lirette argues that his fence did not block access to Old Highway 90. The appellees had alleged in their contempt rule that fire department and other emergency vehicles would be unable to enter the driveway. At trial Lirette introduced photographs showing garbage trucks entering and exiting the driveway, along with the testimony of the fire chief and a second member of the department. The chief and his driver both testified that they entered and exited the driveway with adequate *139 clearance but that two emergency vehicles would not be able to drive side by side.
The photographs submitted by the appel-lees indicate that the driveway as it came off the highway curved sharply to the right on Dale Lirette’s side and that his fence posts extended into the middle of the road, forming a point. Etta Lochbaum testified that the driveway has been widened on the left side because vehicles have been traversing property that is part of an adjoining trailer park. She pointed out, over the objection of Lirette, that the trailer park is for sale and if new owners should erect a fence there, little driveway would be left. We conclude that although Lirette’s fence did not completely deprive the sisters of access to their property, it did intrude into the original driveway considerably and violated the injunction, which prohibited Lir-ette from “blocking, and/or causing the driveway on the ‘Tinney’ property (now owned by defendant Dale Lirette) to be inaccessible to vehicular traffic.”
The appellant’s second argument is that he had placed the fence posts in accordance with-the judge’s oral instructions. He testified that the judge had visited the site and had shown Mrs. Lirette where the fence should be built. He argues that, as there is no record of a written order of the judge, he cannot be held in contempt for disobeying one. The court, in ruling from the bench, said, .. He knows full well that he was not instructed by the Court to place his fence ... with the fence post approximately midway of this existing driveway that has been dedicated through many years of public use.” While the judge may have referred to oral instructions, he based the contempt ruling on violation of the injunction. The signed judgment finds Lir-ette in contempt of this Court’s Judgment dated March 13, 1987, in that he did, in fact, construct a permanent fence obstructing the common driveway located partially on the ‘Tinney’ property and partially on the ‘Lirette’ property.”

Wilful Violation of a Court Order

As we find that the contempt judgment was not based upon the judge’s oral instruction and in view of the court’s much discretion in determining whether a person is in contempt, we give no credence to the appellant’s argument that he could not have wilfully and knowingly disobeyed an order that he did not understand. It is hard to believe that Lirette misunderstood the injunction judgment to the extent of inadvertently fencing off half the roadway.

Dissolution of Injunction

The appellant argues finally that the preliminary injunction was dissolved as a matter of course when the suit was disposed of on the merits. This argument would have merit if the consent judgment on the partition had disposed of the claim involved in the injunction. Although the preliminary injunction resulted from a bitter, ongoing controversy among the three heirs, it in fact concerned a tract of land outside the succession land and enjoined a landowner other than the parties to the consent judgment.[1]
A preliminary injunction remains in effect from the time the party restrained has actual knowledge until, upon motion of an “interested person” or upon the court’s own motion, the court dissolves or modifies the injunction after a hearing. La. C.C.P. art. 3605, 3607; Schwegmann Bros. G.S. Mkts. v. Louisiana Milk Com’n, 290 So.2d 312 (La.1974); Hoffpauir v. Hoffpauir, 254 So.2d 671 (La.App. 3rd Cir.1971), writ refused 260 La. 452, 256 So.2d 440 (1972). The record is devoid of any court order dissolving the preliminary injunction; accordingly, we hold that it was in force at the time Dale Lirette erected his fence.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.

. A minute entry indicates that the trial court denied Clifton Lirette, Sr.’s exception of improper cumulation of actions, attacking the filing of the injunction petition in the succession proceeding.