766 So.2d 698 (2000)
Rosie B. Robinson BROOKS, et al., Plaintiffs-Appellants.
v.
Venson MAGGIO and Sharon Kay Peters Maggio, Defendants-Appellees.
No. 33,734-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2000.
*699 Robert A. Booth, Thomas & Thomas by Loyd K. Thomas, Shreveport, Counsel for Appellants.
Thomas A. Wilson, Counsel for Appellees.
Before BROWN, STEWART and GASKINS, JJ.
BROWN, J.
An attorney, Robert A. Booth, Jr., was sanctioned by the trial court for failing to make a reasonable inquiry prior to filing what the court termed a frivolous motion for summary judgment. For the reasons that follow, we affirm.

Facts
This petitory action was filed in 1997 by plaintiffs after losing a previous possessory action filed by defendants, Venson and Sharon Maggio ("Maggios").[1] Plaintiffs are the sole heirs of Joe and Geneva Robinson ("Robinsons").[2]
In 1944 Joe Robinson purchased from J.M. and V.V. Whittington the "East half of the Northwest Quarter of the Northwest Quarter of Section 36, Township 20 North, Range 12 West." (Emphasis added). The Maggios' title is traced to a 1941 deed from J.M. and V.V. Whittington to Moses Smiley of "The West twenty acres" of the same quarter-quarter section. The deed to Smiley stated that the entire tract contained 40 acres. A later survey showed, however, that this quarter-quarter section contained 44 acres rather than the normal 40 acres. Thus, each half consisted of 22 rather than 20 acres. The Robinsons claim that because the Maggios' deed conveyed only the west 20 acres that they own the remaining 24 acres. Applying such a restrictive reading also to the Robinson deed, which conveyed only the east half of the tract, leads to the conclusion that J.M. and V.V. Whittington or their heirs, not plaintiffs, own the extra two acres in the west half of the tract.
Although plaintiffs' petition was filed by Charles Neupert, Jr., he was replaced as counsel of record by Loyd K. Thomas in July 1997. Then, in June 1999, Robert Booth, Jr., filed a motion to enroll as cocounsel as well as a motion for summary judgment.
The motion for summary judgment contained several attachments including copies of deeds, the tax assessment roll and the same survey attached to plaintiffs' original petition. According to the motion for summary judgment, the attachments all indicated:

*700 that the additional four (4±) more or less acres contained in the quarter quarter section are contained in the East portion of said section and are therefore the property of plaintiffs.
Booth's motion concluded by asking the court to render judgment recognizing plaintiffs as owners of the easternmost 24 acres of the quarter-quarter section.
In July 1999, defendants filed a motion for sanctions, asserting that the allegations in the motion for summary judgment were not well grounded and that the motion was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Defendants alleged that plaintiffs and their counsel were in violation of La. C.C.P. art. 863 and sought sanctions including reasonable attorney's fees. Shortly after filing the motion for sanctions, defendants filed an opposition to the motion for summary judgment.
On August 18, 1999, Robert Booth filed for plaintiffs a request to dismiss the motion for summary judgment; this motion was granted the same day. On September 22, 1999, Booth filed an amended petition for plaintiffs alleging ownership of the disputed two acres due to adverse possession of 30 years.
On September 30, 1999, a hearing was held on the motion for sanctions. Defendants' attorney, as well as plaintiffs' attorney, Loyd Thomas, appeared for the hearing. Robert Booth, Jr., did not make an appearance. At the hearing on the rule for sanctions, Thomas stated to the court that:
It is my understanding that plaintiffs hired Mr. Booth to do a separate lawsuit and unbeknownst to me he filed a motion to enroll as co-counsel. He never contacted me regarding anything; and the first I heard of (it) ... was when I got Mr. Wilson's motion for sanctions... and if I had seen it (motion for summary judgment filed by Mr. Booth) I wouldn't have signed it.
Defendants' counsel argued that the dismissal should not make the motion for sanctions moot in light of the expense incurred by his clients in responding to and opposing the motion.
The trial court found that Loyd Thomas, who was unaware of Booth's actions, was not sanctionable. The court further found that "it's obvious that Mr. Booth did not make a thorough evaluation of his pleading prior to filing it." The court also expressed its concern with the fact that Booth filed both his motion to enroll as cocounsel and the motion for summary judgment without consulting or informing Loyd Thomas, counsel of record for plaintiffs. The court subsequently rendered judgment ordering Booth to pay defendants $500 in attorney fees, together with legal interest and costs. Booth has appealed.

Discussion
An attorney's signature on a pleading constitutes a certification that he has read the pleading; that to the best of the attorney's information and belief, formed after reasonable inquiry, the pleading is well-grounded in fact; that the pleading is warranted by existing law or good faith argument for the extension, modification or reversal of existing law; and, that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. La. C.C.P. art. 863(B); Parker v. Progressive Insurance Co., 31,147 (La.App.2d Cir.10/28/98), 720 So.2d 408; Joyner v. Wear, 27,631 (La. App.2d Cir.12/06/95), 665 So.2d 634, writ denied, 96-0040 (La.02/28/96), 668 So.2d 370; Morehouse Parish Hospital Service District v. Pettit, 25,396 (La.App.2d Cir.01/19/94), 630 So.2d 1338, writ denied, 94-0449 (La.04/07/94), 635 So.2d 1135.
The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Parker, supra; Joyner, supra; Diesel Driving Academy, Inc. *701 v. Ferrier, 563 So.2d 898 (La.App.2d Cir. 1990); Penton v. Clarkson, 93-0657 (La. App. 1st Cir.03/11/94), 633 So.2d 918.
The trial court has discretion to impose sanctions under article 863. City of Ruston v. Perritt, 30,896 (La.App.2d Cir.09/23/98), 718 So.2d 1044; Unkel v. Unkel, 29,728 (La.App.2d Cir.08/20/97), 699 So.2d 472. A trial court's determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. City of Ruston, supra; Harris v. Gaylord Bag Company, 26,335 (La.App.2d Cir.12/07/94), 647 So.2d 542, writ denied, 95-0051 (La.03/17/95), 651 So.2d 268.
In the instant case summary judgment was clearly not warranted. At this point, plaintiffs had not asserted ownership based upon adverse possession of 30 years. Plaintiffs' deed only conveyed the east half of the quarter-quarter section or 22 acres. The trial court concluded that Booth failed to make a reasonable inquiry as required by La. C.C.P. art. 863. If Booth had notified the attorney of record, Loyd Thomas, that he was enrolling as co-counsel and had consulted with Thomas, he would have known that the motion was inappropriate. After reviewing the record in its entirety, we cannot say that the trial court was clearly wrong in its conclusion that sanctions were warranted.

Conclusion
For the foregoing reasons, the trial court's judgment is AFFIRMED. Costs are assessed to appellants.
NOTES
[1] In this previous litigation, the trial court found for the Maggios, awarding them possession of the disputed tract of land and ordering the Robinsons to remove a steel fence that they had erected. This court affirmed in an unpublished opinion. See Maggio v. Robinson, 29,007 (La.App.2d Cir.01/22/97), 690 So.2d 1127.

In October 1997, the Maggios filed another action seeking a contempt judgment against the Robinsons for their failure to remove the fence and for failing to keep their cattle off the Maggios' property. The trial court found the Robinsons in contempt and assessed damages and awarded attorney fees. This court affirmed all aspects of the trial court's judgment except the attorney's fee award which was deleted. See Maggio v. Robinson, 31,913 (La.App.2d Cir.05/05/99), 741 So.2d 103.
[2] In the 1994 possessory action filed by Maggio, only Huey and Ruthie Robinson were named defendants. They are two of the plaintiffs herein.