803 So.2d 292 (2001)
Dianne Webb MILLER, Plaintiff-Appellee,
v.
Leo A. MILLER, Jr., Defendant-Appellant.
No. 35,358-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2001.
*293 Leo A. Miller, Jr., Appellant, pro se.
Rachel C. Marinovich and Carol Ann Duffy, Counsel for Appellee.
Before NORRIS, WILLIAMS and KOSTELKA, JJ.
NORRIS, Chief Judge.
The defendant, Leo A. Miller Jr., appeals a judgment denying his motion for sanctions pursuant to La. C.C.P. art. 863. For the reasons expressed, we reverse and render judgment awarding sanctions.

Facts
The plaintiff, Dianne Webb Miller, filed a petition for separation from bed and board on June 5, 1987, in the Sixth JDC, Parish of East Carroll. She alleged that her husband, Leo, had abandoned her by leaving the matrimonial domicile without a lawful cause and had refused since that time to live with her; that his conduct entitled her to a separation from bed and board; and that joint custody was in the best interest of their three minor children. Dianne did not seek permanent alimony from Leo, and stated her belief that they would be able to fix an amount of child support without the necessity of a formal court order. Filed simultaneously with the petition for separation was Leo's answer, denying the allegations of abandonment, but agreeing that, should judgment be rendered, it should order joint custody of the children. He further agreed that he and Dianne would be able to reach an amicable agreement on child support.
Through a formal acknowledgment filed along with the petition and answer (but dated May 1, 1987), Leo acknowledged *294 service of the petition, waived citation and all legal delays, and consented for the cause to be called for trial at any time, without further notice to him.
The minutes of court for June 5, 1987, show that Dianne, her attorney and her witness were present in court; Leo was not present. Judgment was then rendered granting Diane a separation a mensa et thoro. Joint custody of the minor children was awarded, and Dianne was recognized as waiving permanent alimony. The signed judgment, like the other pleadings, was filed into the record on June 5, 1987.
Over 13 years later, in June 2000, Dianne filed both a motion for new trial and a motion to transfer and consolidate. Her motion for new trial alleged that no notice of the 1987 judgment of separation had ever been issued, and that judgment was contrary to the law and evidence presented. Her motion to transfer and consolidate alleged that proceedings between the parties concerning a community property partition and related matters were pending in the Fourth JDC, Parish of Ouachita, that the parties now resided in Ouachita Parish, and that the case in East Carroll should be transferred to Ouachita to be consolidated with the proceedings there. A memorandum in support of these motions asserted that although her petition for separation had alleged abandonment, the parties in fact never physically separated but continued to live together as husband and wife until their divorce in 1993. She also alleged procedural flaws in the proceedings, asserting that contrary to law the judgment of separation was executed by the court in the form of a default "since no notice of the hearing date was ever provided" to Leo.
Dianne indicated that the proceedings pending in Ouachita Parish were seeking a declaratory judgment that the original judgment of separation was an absolute nullity for "numerous procedural defects" as well as the fact that the parties had never lived separate or apart as required by law. She also asserted that the proceedings in Ouachita Parish, where the parties were ultimately divorced in 1993, focused "on other community property issues and alleged agreements between the parties concerning community property and/or jointly-owned property, and other related issues." She sought transfer of the East Carroll proceedings to Ouachita for consolidation so that all domestic issues could be tried in Ouachita Parish where the parties both resided at the time.
In response to Dianne's motions, the court sent a letter dated June 7, 2001, asking both parties to address certain issue and questions in their briefs. One question was, which version of La. C.C.P. art. 1913 applied to Dianne's motion for new trial? Leo responded by providing a copy of the version of art. 1913 in effect in 1987; under that article, Leo stated, no notice of judgment was required for the judgment of separation at issue. By contrast, Dianne's counsel replied that "based upon numerous factual and procedural defects" in the separation proceedings and judgment, "undersigned counsel is unsure whether any particular version of Article 1913 is applicable."
The trial court denied both of Dianne's motions. With respect to the motion to transfer and consolidate, the court stated that the judgment of separation rendered in 1987 had become final because no appeal had been taken, and that the court had no authority to transfer a final judgment to another judicial district. As for the motion for new trial, the court stated that the delay for seeking a new trial had elapsed, and the court could see no basis for declaring the judgment of separation an absolute nullity because there were no *295 vices of form, no defects patent on the face of the record, and no judgment that was contra bonos mores.
Judgments denying the motions were both signed on June 30, 2000, and in September 2000, Leo filed the instant motion for sanctions, asserting that Dianne and her attorney had violated La. C.C.P. art. 863. Attached to the motion for sanctions were various pleadings, letters, and memoranda from the East Carroll proceedings, as well as a copy of Dianne's petition for declaratory judgment in Ouachita Parish. Interestingly, that indicated that after the judgment of separation in 1987, the parties executed an "Act of Reconciliation and Matrimonial Agreement" on November 9, 1987 which purportedly established a separate property regime at the same time that the parties formally acknowledged their reconciliation. The parties formally declared that the previous judgment of separation was extinguished. However, Dianne asserted in her petition for declaratory judgment that the act of reconciliation was null and void because the parties never physically separated and the judgment of separation was never a valid judgment.
The minutes of court for January 17, 2001, indicate that Dianne Miller and her attorney, along with Leo Miller pro se, were present in open court on Leo's motion for sanctions. After argument, the court orally declined to assess damages or attorney fees, but cast Dianne with all court costs. On January 22, the judge rendered written reasons for judgment, finding that Dianne and her attorney argued that the judgment of separation was an absolute nullity. The court further found that although they initially argued that the court had authority to transfer the matter to Ouachita Parish or grant a new trial because notice of the 1987 judgment was not properly given, Dianne Miller's attorney correctly conceded that notice of judgment was not required under the law applicable at the time. The court rejected as "curious" the contention that Leo's failure to receive notice of judgment justified Dianne's motion for a new trial. Nevertheless, feeling that Dianne and her counsel may have been justified in initially arguing lack of notice of judgment, the court denied the sanctions of attorney fees and damages, casting Dianne and her attorney with court costs only. Leo appeals.

Discussion
An attorney's signature on a pleading constitutes a certification that he has read the pleading; that to the best of the attorney's information and belief, formed after reasonable inquiry, the pleading is well-grounded in fact; that the pleading is warranted by existing law or good faith argument for the extension, modification or reversal of existing law; and, that the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. La. C.C.P. art. 863 B; Brooks v. Maggio, 33,734 (La.App. 2 Cir. 8/23/00), 766 So.2d 698; Parker v. Progressive Ins. Co., 31,147 (La. App. 2 Cir. 10/28/98), 720 So.2d 408; Joyner v. Wear, 27,631 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, writ denied 96-0040 (La.2/28/96), 668 So.2d 370. Sanctions are appropriate when counsel and client attempt to commit fraud on the court. Parker v. Progressive Ins. Co., supra.
The trial court's decision to grant or deny sanctions will not be reversed unless it is manifestly erroneous. City of Ruston v. Perritt, 30,896 (La.App. 2 Cir. 9/23/98), 718 So.2d 1044.
The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable *296 inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Diesel Driving Academy Inc. v. Ferrier, 563 So.2d 898 (La. App. 2 Cir.1990), and authorities therein.
The trial court itself noted that Dianne's counsel, Ms. Marinovich, failed to cite "any specific statutory or jurisprudential authority supporting her legal position." R.p. 81. The trial court's only reason for not imposing sanctions on Ms. Marinovich is that she may have been in good faith in arguing that the judgment of separation was not final because no notice of judgment was given. We are constrained to find that this is plainly wrong.
If Dianne Miller and her counsel had simply failed to realize that article 1913 (notice of judgment) had changed between 1987 and 2000, then the situation might be different. However, when viewed in the totality of the circumstances, their conduct is indefensible.
First, the trial court specifically called attention to the timeliness of Dianne's motion for new trial by asking counsel to brief the question of which version of art. 1913 applied. Had Dianne's counsel properly examined this problem, counsel should have learned that the motion for new trial was untimely and acknowledged this to the court. Instead, counsel was less than forthcoming, evasively replying that she was "unsure" whether any particular version of art. 1913 applied. Instead of admitting the motion was untimely, counsel pursued the motion anyway. This clearly warrants art. 863 B's penalty of sanctions when pleadings are "interposed for any improper purpose," such as unnecessary delay.
Next, regardless of whether the motion for new trial was timely, Dianne effectively sought to negate the 1987 judgment of separation which she herself had obtained. She not only waited 13 years, but sought to upset the judgment by relying on the falsity of her own allegations regarding abandonment. She originally alleged that Leo had abandoned and refused to live with her; later she asserted that the parties never physically separated but continued living together as husband and wife until their divorce in 1993. By contrast, Leo's answer had denied her allegation of abandonment. It is apparent that counsel did not make an adequate, reasonable inquiry into these facts before pursuing the instant motions. Diesel Driving Academy v. Ferrier, supra.
Finally, Dianne conspicuously failed to mention any act of reconciliation in her motions, yet according to her petition in Ouachita Parish, the parties executed such an act in November 1987, formally declaring that the prior judgment of separation was thereby extinguished. Although Dianne and her counsel asserted in the Ouachita proceedings that the act of reconciliation was a nullity because the parties never physically separated and the judgment of separation was never valid, the fact remained that the judgment of separation would have legal effect until nullified. Thus, the act of reconciliation would have extinguished the judgment of separation. Simply put, the motion for new trial sought to eliminate a judgment of separation that would have been extinguished some 13 years earlier, but Dianne and her counsel never informed the court of this very significant act in their motion for new trial. The intentional suppression of these salient facts must be viewed as an attempt to work a fraud on the court. See, Parker v. Progressive Ins. Co., supra.
For these reasons, we conclude that the trial court erred in denying sanctions. After reviewing the appellate record in its entirety, we conclude that sanctions in the total amount of $1,000, including attorney *297 fees, are appropriate, and we hereby award that sum to Leo Miller Jr.

Conclusion
The judgment of the trial court is hereby reversed, and sanctions against the plaintiff, Dianne Webb Miller, and her counsel, Rachel C. Marinovich, in the total amount of One Thousand and 00/100 ($1,000.00) Dollars, are hereby awarded to Leo Miller, Jr. Costs are assessed to appellee.
REVERSED AND RENDERED.