868 So.2d 758 (2003)
Jeffrey B. GORE
v.
Carol Alisa McCaa GORE.
No. 2003 CA 0491.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
*759 Michael A. Betts, Denham Springs, Counsel for Defendant/Appellant Carol Alisa McCaa Gore.
Sherri L. Gregoire, Baton Rouge, Counsel for Plaintiff/Appellee Jeffrey B. Gore.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
CARTER, C.J.
An ex-wife appeals a portion of a judgment stemming from a hearing on a rule to compel the sale of the former matrimonial domicile and for contempt. Having reviewed the record before us, we reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
Jeffrey B. Gore and Carol Alisa McCaa Gore were divorced by a judgment rendered on October 6, 1999. Subsequent thereto, Mr. Gore filed a petition seeking to judicially partition the parties' community property. At a hearing held on October 30, 2001, the parties agreed to several stipulations including an agreement to sell the matrimonial domicile to satisfy community obligations. Nonetheless, on May 17, 2002, Mr. Gore filed a rule to compel the sale of the former matrimonial domicile, to order that the home be vacated, for contempt, and for other ancillary relief.
In response to the rule, the trial court issued an order directing Ms. Gore to immediately sign "any and all documents necessary to effect the sale of the former matrimonial domicile" within twenty-four hours of her receipt of the order and to vacate the former matrimonial domicile in sufficient time to allow the purchase of the home or within fifteen days of her receipt of the order. The trial court further ordered that the proceeds from the sale of the home be placed in the registry of the court or in an interest-bearing account pending a hearing on the resolution of the community debts and financial obligations of the former spouses. Finally, the trial court ordered that Ms. Gore show cause at an expedited hearing why she should not be required to pay one-half of the closing costs relative to the sale of the home, be held in contempt of court and be required to reimburse Mr. Gore all costs and reasonable attorney fees incurred for filing the rule.
Following the expedited hearing, the trial court rendered a judgment decreeing that the parties were equally responsible for the payment of the closing costs associated with the sale of the home and ordered that Ms. Gore reimburse Mr. Gore a sum equal to her share of those costs. The trial court also cast Ms. Gore with payment of court costs totaling $23 and attorney fees in the amount of $500, payable to the law firm representing Mr. Gore. It is from those portions of the judgment that Ms. Gore appeals.[1]

*760 ASSIGNMENTS OF ERROR
Ms. Gore alleges that the trial court committed the following errors in the proceedings below:
I. Whether the trial court erred in finding Alisa Gore in contempt of court and ordering her to pay $500 in attorneys fees and costs of court, when there is no judgment from the trial and the record is devoid of anything which could be construed as contemptuous?
II. Whether the trial court erred by failing to set forth any factual basis for finding Alisa Gore in contempt of court?
III. Whether the trial court erred in ordering Mrs. Gore to sign the purchase agreement?
IV. Whether the trial court erred [in] holding that Alisa Gore must pay 1/2 of the closing costs from the sale of the community home?

DISCUSSION
In her first two assignments of error, Ms. Gore alleges that the trial court erred in finding her in contempt of court and ordering her to pay attorney fees in the amount of $500 and court costs. The judgment appealed from contains no finding that Ms. Gore was in contempt of court. Thus, this issue is not properly before us.
Without a finding of contempt, there is nothing to support the trial court's assessment of $500 in attorney fees against Ms. Gore. Under Louisiana law, attorney fees are not allowed except where authorized by special statute or by contract. Maggio v. Robinson, 31,913, pp. 4-5 (La. App. 2 Cir. 5/5/99), 741 So.2d 103, 107. We find no statutory basis for the award, nor does a contractual basis for the award appear in the record before us. We, therefore, reverse the award of $500 in attorney fees assessed against Ms. Gore. See Maggio, 31,913 at 4-5, 741 So.2d at 107.
As for the assessment of court costs against Ms. Gore, the party cast in judgment is generally taxed with costs, but the trial court has discretion to assess costs of a suit in any equitable manner. LSA-C.C.P. art. 1920; Griffin v. Louisiana Sheriff's Auto Risk Ass'n, 99-2944, p. 38 (La.App. 1 Cir. 6/22/01), 802 So.2d 691, 716, writ denied, 01-2117 (La.11/9/01), 801 So.2d 376. Since Mr. Gore ultimately prevailed in the judgment on his rule for the various aspects of the relief requested, we cannot say that the trial court abused its discretion in its assessment of costs.
In her third assignment of error, Ms. Gore contends the trial court erred in ordering her to sign documentation providing for the sale of the former matrimonial domicile. However, the judgment appealed from contains no such order. Thus, this issue is not properly before us.
In her final assignment of error, Ms. Gore questions the propriety of holding her liable for one-half of the closing costs associated with the sale of the home. She argues that Mr. Gore solely obligated himself to be responsible for the payment of the closing costs relative to the sale and that the obligation occurred after the regime of acquets and gains had been terminated, hence making the obligation separate in nature.
Mr. Gore executed an addendum to the purchase agreement on May 13, 2002, which stated: "[$]3,800 in buyers closing cost and prepaids to be paid by Jeff Gore from his proceeds of the sale of the home." After Mr. Gore executed the addendum and before the sale was completed, he filed the rule on May 17, 2002, in which he requested an ex parte order directing Ms. *761 Gore to sign paperwork to close the sale on the home and stated therein:
Plaintiff shows that [he] has indicated his willingness to advance in full the closing costs and seek reimbursement of one-half of same from the Court. Simply put, he is willing to gamble $1,900 on the chance that the Court will rule that the parties should have split the closing costs equally between themselves.
The trial court immediately issued an order on May 21, 2002, directing Ms. Gore to sign the paperwork necessary to effect the sale of the home. After Mr. Gore executed the addendum and the sale of the former matrimonial home was completed, the trial court ordered Ms. Gore to reimburse Mr. Gore for one-half of the closing costs. Ms. Gore appeals the portion of the judgment in which the trial court "stuck her" with one-half of the closing costs. However, she offers no argument in support of this contention other than to argue that the "Court had no authority to force this" on her.
After the termination of the community property regime, the principles governing co-ownership in indivision apply to former community property that has not yet been partitioned. LSA-C.C. art. 2369.1; Cahill v. Kerins, 34,522, p. 8 (La.App. 2 Cir. 4/4/01), 784 So.2d 685, 691. Under Civil Code article 806, a co-owner of a thing held in indivision is entitled to reimbursement from his co-owner in proportion to their shares if he has paid necessary management expenses. As the court noted in Cahill, jurisprudence interpreting article 806 is scarce. We believe that payment of closing costs in this case was a necessary expense incurred in order to sell the former community property at the desired price. Thus, we affirm the portion of the trial court judgment finding Ms. Gore liable for one-half of the closing costs.

CONCLUSION
For the foregoing reasons, the portion of the judgment of the trial court ordering Ms. Gore to pay attorney fees of $500 is reversed. The portions of the judgment assessing Ms. Gore with $23 in court costs and ordering her to pay Mr. Gore $1,900 as reimbursement for one-half of the closing costs on the sale of the former community property are affirmed. Costs of this appeal are to be shared equally by Mr. Gore and Ms. Gore.
AFFIRMED IN PART; REVERSED IN PART.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting in part.
I believe the majority errs in affirming that portion of the trial court's judgment that holds Ms. Gore liable for one-half of the closing costs incurred to sell the former matrimonial home. The majority found the closing costs to qualify as a necessary expense under La. C.C. art. 806. However, the obligation to pay closing costs relative to the sale of the former matrimonial domicile arose as a result of the unilateral action of Mr. Gore without consultation or notice to Ms. Gore, and without any negotiation over this payment with the buyers. I cannot agree that under the specific facts of this case that the payment without negotiation of all the closing costs by the Gores constituted a necessary management expense. Therefore, I respectfully dissent from that portion of the majority's opinion.
NOTES
[1] The order and judgment also addressed other ancillary matters that are not at issue in the appeal before us.