Judgment rendered July 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,239-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ANGELA R. ROGERS AND                    Plaintiffs-Appellants
EDGAR L. ROGERS

versus

CADDO PARISH SCHOOL                      Defendants-Appellees
BOARD, MARY TRAMMEL-
PRESIDENT, DR. T. LAMAR
GOREE-SUPERINTENDENT,
LEISA WOOLFOLK, CHIEF
HUMAN RESOURCE OFFICER,
EMILY STANFORD-DIRECTOR
OF CERTIFIED PERSONNEL

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 627,648

Honorable Michael Pitman, Judge

* * * * *

ANGELA R. ROGERS                         In Proper Person,
                                         Appellant

EDGAR L. ROGERS                          In Proper Person,
                                         Appellant

KEAN MILLER, LLP
By: Brian Carnie
    Michael D. Lowe

Counsel for Appellees,
Caddo Parish School
Board, John L. Albritton,
Dr. T. Lamar Goree,
Leisa Woolfolk, Emily
Stanford

\* \* \* \* \*

Before MOORE, STONE, THOMPSON, ROBINSON, and HUNTER, JJ.

STONE, J., dissents, with written reasons.

**THOMPSON, J.**

This case involves the protracted battle between a school teacher, her husband, and the Caddo Parish School Board, arising from her termination and certain assertions contained in her termination proceeding that the teacher asserts were defamatory. After being terminated by the school board, the teacher sought judicial review of that decision, which is a summary proceeding. A petition was filed for judicial review of the termination that included additional claims for damages for defamation and other causes of action, which would be adjudicated as an ordinary proceeding.

At the trial, the trial court addressed only the summary proceeding of the termination and ruled in favor of the school board, finding the termination had not been arbitrary or capricious. Several years of appealing that determination ensued, as the teacher and her husband continued to represent themselves. Years later, the couple filed another lawsuit, alleging various claims against the school board, including the defamation claim. The school board filed an exception of *res judicata*, which was granted by the trial court. Finding the original ordinary proceeding claims have not been fully litigated and that there has not been final judgment addressing those claims, we reverse the judgment of the trial court granting the exception of *res judicata* and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

In 2015, Angela Rogers ("Mrs. Rogers") was terminated from her non-tenured teaching job at an elementary school in the Caddo Parish School Board ("CPSB") system for allegedly falsifying reading assessment test

results. Judicial review of terminations such as Mrs. Rogers' are summary

proceedings, as provided in La. R.S 17:443(B)(3), which states:

> Within sixty days from the postmarked date of written
> notification of the decision of the disciplinary hearing officer,
> the school board or the teacher may petition a court of
> competent jurisdiction to review the matter as a summary
> proceeding pursuant to Code of Civil Procedure Article 2592.
> The court shall determine, based on the record of the
> disciplinary review hearing, whether the disciplinary hearing
> officer abused his discretion in deciding whether the action of
> the superintendent was arbitrary or capricious. If the action of
> the superintendent is reversed by the court and the teacher is
> ordered reinstated and restored to duty, the teacher shall be
> entitled to full pay for any loss of time or salary he may have
> sustained by reason of the action of the superintendent.

On August 7, 2015, Mrs. Rogers and her husband, Edgar Rogers

("Mr. Rogers"),[1] filed a lawsuit against CPSB, seeking judicial review of her

alleged wrongful termination pursuant to La. R.S. 17:443 and, in that same

petition, asserted claims of defamation and penalty wages. The claims

asserted other than the appeal of her termination were ordinary, not

summary proceedings. CPSB answered the petition and filed exceptions,

including the dilatory exception of improper cumulation of summary and

ordinary actions. CPSB argued in its brief that Mr. and Mrs. Rogers' claim

for wrongful termination seeks summary relief and their remaining claims

seek ordinary relief, which require either separate trials or an amendment of

the petition. Although CPSB properly filed the exception of improper

cumulation, it never set the matter for hearing, and the record reflects the

trial court never ruled on the issue. Rather, the trial court apparently

proceeded with *only* the review of Mrs. Rogers' alleged wrongful

termination.

---

[1] Mr. and Mrs. Rogers have represented themselves *pro se* throughout the
litigation.

2

A bench trial was held in January, 2016. A transcript of that trial is not in the record. The trial court issued a judgment on January 11, 2016, which provides that "Petitioners seek *summary review* of Angela Rogers' termination from her teacher position pursuant to La. R.S. 17:443(a). A bench trial was held on this matter on January 6, 2016." (emphasis added) As part of that proceeding, the trial court held that Mr. Rogers did not have standing to seek review of Mrs. Rogers' termination and that CPSB's decision to terminate Mrs. Rogers was not arbitrary and capricious. The court rendered judgment in favor of CPSB.

In its judgment, the trial court included a common and sweeping provision that provided for dismissal of all other claims. The record of the hearing is devoid of any evidence, testimony, or consideration by the court of the defamation and other ordinary proceeding claims asserted by Mrs. Rogers. In its written reasons for judgment, the trial court wrote that "this matter arises as a judicial review of Angela Rogers' termination from her position as a teacher with the Caddo Parish School Board." There is no reference to any consideration of the defamation claims alleged by Mrs. Rogers. Mr. and Mrs. Rogers spent many years appealing the above judgment, and the judicial review of Mrs. Rogers' termination by CPSB has been fully litigated.

On December 15, 2020, Mr. and Mrs. Rogers filed a new petition against CPSB and various employees of CPSB. This new petition alleges the continuous tort of defamation by CPSB for creating and maintaining Mrs. Rogers' termination record. Mr. and Mrs. Rogers argue that this claim is a new ordinary claim that has not been adjudicated by the previous

lawsuit.  The petition also appears to allege fraud, pursuant to La. C.C. art. 1953, further allegations of illegal termination, and defamation for other various alleged acts by CPSB.  In response, CPSB filed exceptions of *res judicata* and prescription, asserting these claims had been fully litigated.

At a hearing on May 3, 2021, the trial court granted CPSB's exception of *res judicata*, stating that all of the alleged claims in the present lawsuit were part of the original lawsuit, arise out of the same transaction, and were litigated in 2016.  The court dismissed all of Mr. and Mrs. Rogers' claims with prejudice.  This appeal followed.

**DISCUSSION**

In their appeal, Mr. and Mrs. Rogers assert several assignments of error, including that the trial court erred in granting the defendants' exception of *res judicata*.  In light of the fact that we are remanding this matter on Mr. and Mrs. Rogers' first assignment of error, we find the discussion of all other assignments of error to be pretermitted.

*Res judicata* bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit.  La. R.S. 13:4231.  All of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049.

The purpose of the doctrine of *res judicata* is to promote judicial efficiency and the final resolution of disputes. *Ave. Plaza, LLC v. Falgoust*, 96-0173 (La. 7/2/96), 676 So. 2d 1077; *Hines v. Smith*, 44,285 (La. App. 2 Cir. 8/12/09), 16 So. 3d 1234, *writ denied*, 09-2001 (La. 12/11/09), 23 So. 3d 922. The doctrine of res judicata is *stricti juris*, and any doubt concerning application of the principle of res judicata must be resolved against its application. *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So. 2d 1210, *Hines*, *supra*. The party who urges the exception of *res judicata* bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled. *Hines*, *supra*.

The standard of review of a ruling on an exception of *res judicata* is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. *Barnett v. Louisiana Med. Mutual Ins. Co.*, 51,908 (La. App. 2 Cir. 5/23/18), 248 So. 3d 594, *writ denied*, 18-0944 (La. 9/28/18), 253 So. 3d 154. The *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo* on appeal. *Penton v. Castellano*, 49,843 (La. App. 2 Cir. 6/24/15), 169 So. 3d 739, 745.

This case presents a unique situation under Louisiana procedural law, which does not allow the cumulation of actions that are not enforceable by the same form of procedure, *i.e.* ordinary, executory, or summary procedure. La. C.C.P. art. 463, comment (a). If the cumulation is improper, the court may (1) order separate trials of the actions, or (2) order the plaintiff the elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue.

La. C.C.P. art. 464. CPSB filed the exception of improper cumulation, but it was never adjudicated by the court. Even if a defendant files a dilatory exception, he must insist upon a hearing and ruling; failure to do so, or to object to going forward on the day of trial, is deemed a waiver of the exception. *Maggio v. Robinson*, 31,913 (La. App. 2 Cir. 5/5/99), 741 So. 2d 103.

It should be noted the Rogerses are *pro se* litigants without legal education, degree, or licensure. In their first petition in their original lawsuit, they alleged a number of claims, including the improper termination of Mrs. Rogers pursuant to La. R.S. 17:443(a). The original petition also includes a section entitled "IV. CPSB/Supt. Torts," wherein the Rogers allege claims for unlawful termination, defamation, and penalty wages. The claims made pursuant to La. R.S. 17:443(A) were entitled to a summary proceeding, whereas the tort claims necessitated an ordinary proceeding. Recognizing that these claims had been improperly cumulated, CPSB filed an exception of improper cumulation of actions, which was never set for hearing or ruled on by the trial court.

The record does not include a transcript of the January, 2016 bench trial, but the judgment issued by the trial court clearly only addresses those claims asserted in a summary proceeding. Specifically, the trial court states that the Rogerses seek "summary review of Angela Rogers' termination," that Edgar Rogers did not have standing pursuant to La. R.S. 17:443(A), and that "CPSB Superintendent Theodis L. Goree's decision to terminate Angela Rogers from her teacher position was not arbitrary or capricious." Similarly,

6

written reasons provided by the trial court clearly only dispose of the cause of action arising in the summary proceeding.

In the absence of a hearing and clear ruling on the exception of improper cumulation, the trial court should have adjudicated all of Mr. and Mrs. Rogers' claims at a bench trial. The record establishes that is not what happened at the summary hearing. The trial court clearly heard and adjudicated the Rogerses' summary claims during their first lawsuit. Thus, insofar as the Rogerses' new petition attempts to assert any claims for improper termination, those claims are subject to *res judicata* and the trial court properly dismissed those claims.

However, the record is also clear that the trial court did not adjudicate Mr. and Mrs. Rogers' ordinary claims, including the defamation claim, during the first lawsuit. Both the judgment and the written reasons for judgment are silent as to any mention of the ordinary claims included in the Rogerses' first petition. Moreover, the judgment and written reasons specifically exclude the ordinary claims, as they particularly reference the summary claims asserted by the Rogerses. There has been no trial on the ordinary proceeding claims. Considering that the ordinary claims have not been litigated and a judgment has not been rendered by the court, they are not subject to *res judicata*.

This determination is supported by Louisiana law, which states that the opportunity to be heard is an essential requirement of due process of law in judicial proceedings. *Hudson v. City of Bossier*, 33,620 (La. App. 2 Cir. 8/25/00), 766 So. 2d 738, *writ denied*, 00-2687 (La. 11/27/00), 775 So. 2d 450. La. R.S. 13:4232 provides exceptions in which a judgment does not bar

7

another action by a plaintiff, including when exceptional circumstances justify relief from the *res judicata* effect of the judgment. The official comment to La. R.S. 13:4232 states that this statute gives a court the authority to exercise its equitable discretion to balance the principle of *res judicata* with the interests of justice.

We believe the interests of justice require that we find *res judicata* does not apply to those ordinary claims asserted by Mr. and Mrs. Rogers in their first lawsuit and in the lawsuit currently before us, particularly considering the plaintiffs in this matter have proceeded *pro se* throughout the litigation.[2] All of the Rogers' ordinary claims in the first lawsuit appear not to have been litigated. To the extent those same claims are now asserted again in the second lawsuit may invite the filing of an exception, however, the exception of *res judicata* is not proper. In as far as any claims relative to whether there was an abuse of discretion by the hearing officer or whether the actions of the superintendent of CPSB were arbitrary and capricious, the trial court properly granted the exception of *res judicata*. As to any claims asserted in the second lawsuit that were also included in the first lawsuit, including defamation, which have not proceeded to final judgment, the granting of the exception of *res judicata* by the trial court was in error and is hereby reversed. The matter is remanded to the trial court for further proceedings.

---

[2] In the interest of justice, this court will read pro se filings indulgently and try to discern the thrust of the appellant's position and the relief she seeks. *Credit Acceptance Corp. v. Prevo*, 52,734 (La. App. 2 Cir. 6/26/19), 277 So. 3d 847.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment, insofar as it found that Angela Rogers and Edgar Rogers' summary claims of review of her termination pursuant to La. R.S. 17:443(A) are precluded by *res judicata*. We reverse the trial court's judgment of *res judicata* regarding all ordinary claims made by Angela Rogers and Edgar Rogers and remand for further proceedings. Costs of this appeal are assessed equally between the parties, with Caddo Parish School Board owing costs in the amount of $745.50.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

**STONE, J., dissents.**

For the following reasons, I respectfully dissent.

The majority's decision appears to be based on its misrepresentation of the January 11, 2016, judgment and Louisiana's res judicata statutes, La. R.S.13:4231 and La. R.S. 13:4232.

**The judgment dismisses "any and all claims"**

The judgment, in relevant part, states:

> IT ALSO IS ORDERED, ADJUDGED, AND DECREED that [Caddo Parish School Board's] decision to terminate Angela Rogers from her teacher position was not arbitrary or capricious, and that the judgment be entered in favor of the CADDO PARISH SCHOOL BOARD and against ANGELA ROGERS, *dismissing with prejudice **any and all** claims of petitioner* ANGELA ROGERS. (Emphasis Added).

"Any and all claims" means any and all claims. The majority opinion inexplicably treats that language as *not* meaning "any and all claims."

Furthermore, appellate courts review judgments, not reasons for judgment. Yet the majority opinion repeatedly cites the trial court's 2016 written reasons for judgment as a basis for deeming the language of the 2016 judgment itself to not dispose of "any and all" of the plaintiff's claims. This runs afoul of well-settled law, as articulated by the Louisiana Supreme Court:

> The problem with the appellate panel's conclusion is that it "fail[s] to take into account the well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Bellard v. American Cent. Ins. Co.,* 2007–1335 p. 25 (La. 4/18/08), 980 So. 2d 654, 671; *Greater New Orleans Expressway Commission v. Olivier,* 2002–2795 p. 3 (La. 11/18/03), 860 So. 2d 22, 24 ("Appeals are taken from the judgment, not the written reasons for judgment."); La. C.C.P. arts. 1918, 2082 and 2083. Judgments are often upheld on appeal for reasons different than those assigned by the

1

district judges. "The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed...." *State in the Interest of Mason,* 356 So. 2d 530, 532 (La. App. 1 Cir.1977).

*Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So. 3d 507, 572.


## La. R.S. 13:4231(2) is applicable

The majority's error goes beyond pretending that "any and all claims" does not mean any and all claims. It also butchers La. R.S. 13:4231, Louisiana's res judicata statute. The statute states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. (2) *If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.* (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (Emphasis added).

Clearly, the second and third paragraphs enumerated in the statute are not mutually exclusive. The majority's error is that it deems (alleged) non-satisfaction of the requirements of paragraph (3) as precluding applicability of paragraph (2).

This error is further indicated by Louisiana Supreme Court precedent. The Louisiana Supreme Court held that res judicata under La. R.S. 13:4231 consists of five elements:

> A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the

2

> judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049, 1053. The absence of "actual litigation" from this list of essentials demonstrates that the Louisiana Supreme Court does not regard "actual litigation" of an issue as an essential element for attachment of res judicata under La. R.S.13:4231. *Id*. Accordingly, this omission further disproves the proposition that non-satisfaction of paragraph (3) of the statute (i.e., actual litigation) precludes attachment of res judicata pursuant to paragraph (2) of the statute. Thus, paragraph (3) of La. R.S. 13:4231 merely creates an *additional means* for attachment of res judicata; it is *not an additional requirement* for attachment of res judicata pursuant to paragraph (1) or (2) of La. R.S. 13:4231.

Moreover, the plaintiff's defamation claim against the defendants arises from the same exact transaction or occurrence as the wrongful termination claim: the CPSB's firing plaintiff based on its written finding that she falsified test results. The majority finds no fault in the trial court's holding that CPSB's termination of the plaintiff was *not proven wrongful* (arbitrary or capricious). That trial court holding necessarily implies a finding that the allegedly defamatory statements (i.e., that the plaintiff falsified test results) were *not proven false* as would be required of the plaintiff under defamation law. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S. Ct. 1558, 89 L. Ed. 2d 783 (1986). Indeed, it is logically impossible for the evidence to simultaneously fail to prove the termination

3

was arbitrary or capricious *and* affirmatively prove that CPSB's findings underlying the termination were false and CPSB knew it.

**La. R.S. 13:4232: exceptions to res judicata**

The majority further errs in its third rationale for deeming res judicata inapplicable – i.e., invoking the exception to res judicata provided in La. R.S. 13:4232(A)(1), which allows an exception to res judicata in favor of the plaintiff "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." The majority angles into this purported justification by exceeding its authority as a court: it raises the exception of improper cumulation of actions on its own motion.

Improper cumulation of actions is a dilatory exception. La. C.C.P. art. 926(A)(7). Thus, the exception of improper cumulation of actions is waivable. La. C.C.P. art. 926(B). Angela Rogers emphatically and undeniably consented to (i.e., waived objection to) the adjudication of all her claims in the 2015-2016 suit by cumulating the wrongful termination action (summary proceeding) with the other claims in her pleadings (ordinary proceeding). The majority uses Angela Rogers' own error as justification for granting of relief to her under 13:4232(A)(1). No Louisiana court has the legitimate power to raise a dilatory exception *sua sponte*; such an abuse of power is especially absurd where, as here, the party who benefits from the relief of the exception has inarguably created the grounds for that exception — and the party against whom the relief is granted is the only party with standing to raise the exception.

Furthermore, the majority points out no particular occurrence or incident in the trial proceedings which prejudiced the plaintiff as a result of the improper cumulation. Likewise, the majority fails to point out how, *as a*

4

*practical matter*, separating the wrongful termination claim and the other claims would have made any difference in the outcome of the case. Instead, the majority relies entirely on the procedural labels attached to the respective claims – ordinary proceeding or summary proceeding.

Nonetheless, in effect, the majority cites La. R.S. 13:4232(A)(1) as authorizing it to *sua sponte* raise the exception of improper cumulation on behalf of the party who perpetrated the improper cumulation. As previously mentioned, La. R.S. 13:4232(A)(1) provides a plaintiff relief from res judicata "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." While this language is indeed broad and vague, it cannot be construed to authorize a court to *sua sponte* raise dilatory exceptions on behalf of a party whose own actions created the grounds for the exception.

As previously explained, the plaintiff's defamation claim against the defendants arises from the same exact transaction or occurrence as the wrongful termination claim, and the trial court's finding that wrongful termination was not proven necessarily implies a finding that defamation was not proven. Accordingly, there is no exceptional circumstance that would justify allowing relitigation of the truth or falsity of CPSB's statement that the plaintiff falsified test results.

**The trial court properly granted the exception of res judicata, and its judgment should thus be AFFIRMED.**